This is an appeal from a summary judgment in favor of the First National Bank of Mobile, creditor, against the guarantor on a note. We affirm.
Sometime prior to September 1982, Horner Cabinets, Inc., a corporation, was formed. The incorporators and officers included John Horner and Avis C. Horner, husband and wife. Avis Horner was secretary-treasurer of the corporation.
On September 29, 1982, John and Avis C. Horner signed a guaranty agreement whereby they agreed to unconditionally guarantee payment to the bank of all sums of money loaned to the corporation, Horner Cabinets, Inc., up to $40,000.00. This agreement was signed before a notary public, who took the individual acknowledgement of each signatory to the guaranty agreement, and who certified that each acknowledged before her that, being informed of the contents of the instrument, he or she executed it voluntarily on the date it bore.
Thereafter, on January 4, 1983, the bank loaned the corporation $20,000; subsequently, on March 23, 1983, the bank loaned the corporation an additional $10,000.
After the notes became overdue, the bank brought this action against Horner Cabinets, Inc., and John Horner and Avis C. Horner, jointly and individually. Avis C. Horner filed an answer denying the allegations of the complaint, denying that there was consideration for her signature on the guaranty agreement, and alleging that she was coerced into signing it. She subsequently filed a counterclaim against the bank, alleging that the bank had falsely and fraudulently represented to her that it would be necessary for her to execute the guaranty agreement before the bank would extend credit to her husband's business, Horner Cabinets, Inc.
The bank filed a motion for summary judgment against Avis C. Horner on her counterclaim. This motion was supported by an affidavit of an officer of the bank who agreed with Mrs. Horner's contention that she was told that her signature was necessary before the bank would extend a line of credit to the family corporation. Avis Horner's affidavit to the effect that there was no consideration for the *Page 1027 
guaranty agreement extended to her and that her signature was coerced by the bank, in that it had already loaned the money to the corporation, is insufficient as a matter of law to raise a genuine issue of fact. The first contention, that there was no consideration for the guaranty agreement, is conclusively rebutted by the undisputed fact that the bank subsequently loaned the corporation $30,000. The second, that she signed the agreement without knowing what it was, is inadmissible where the instrument itself carries an acknowledgement by the signatories, who swore that they were informed of its contents and voluntarily signed it.
To prevent summary judgment, after the movant has prima facie shown himself to be entitled to judgment as a matter of law, the opposing party must show by admissible evidence that a genuine issue of material fact exists which requires resolution by a factfinder. Alabama Rules of Civil Procedure, Rule 56 (e). It is not enough that the opposing party merely disputes or refutes an immaterial fact, nor is it enough that evidence which is inadmissible under the normal rules of evidence is advanced to contravene that of the movant. Real Coal, Inc. v.Thompson Tractor Co., 379 So.2d 1249 (Ala. 1980); Morris v.Morris, 366 So.2d 676 (Ala. 1978); Federal Land Bank of NewOrleans v. Terra Resources, Inc., 373 So.2d 314 (Ala. 1979).
Real Coal, Inc. v. Thompson Tractor Co., supra, is particularly applicable here. There, the Court held, speaking through Beatty, J.:
 "The plaintiff, Thompson Tractor Company, filed its complaint to recover money allegedly due on open account and upon certain equipment rental agreements from the defendants Norman C. Reid, Real Coal, Inc., Southern States Coal, Inc., Poe Coal Company, and R 
K Coal Company, a partnership. The count of the complaint against Reid was based upon his personal guaranties for the debts of two of the defendant companies. All of the defendants filed motions to dismiss. The motions of Reid and two of the companies, Poe and R K, were overruled. While the remaining motions were pending, and before any answers were filed by the defendants, the plaintiff moved for summary judgment. In support of this motion the plaintiff filed an affidavit of one Dickson, plaintiff's vice-president for finance, and exhibits which Dickson, in his affidavit, vouched for as reflecting the sums owed by Southern States, Real, Poe, R K, and Reid as guarantor or partner. These particular exhibits consisted of invoice dates, invoice numbers, and amounts. Additional exhibits, consisting of copies of guaranties executed by Reid for Southern States' and Real's debts to plaintiff were also attached. An affidavit of Reid in opposition to the motion for summary judgment was filed on the date on which the motion for summary judgment was heard.
 "Following a hearing on the motion the trial court granted partial summary judgment against Southern States Coal, Inc. (from which no appeal has been taken), against Real Coal, Inc., R K Coal Company, and against Norman Reid. These judgments were made final under Rule 54 (b), ARCP.
 "The defendants' essential point on their appeals questions the propriety of summary judgments.
". . . .
 "Consideration of the pleadings, the Dickson affidavit and the accompanying exhibits discloses that the plaintiff had established a prima facie case against each of these defendants. Dickson himself verified the exhibits as accurately reflecting the sums owed: `I have personally reviewed the books and records of the company with respect to the obligations of the defendants to plaintiff and have caused the attached exhibits to be prepared to reflect the items which comprise each account.' Thus Rule 56 (e) was satisfied, in that the affidavit set forth facts `as would be admissible in evidence' and showed that Dickson was `competent *Page 1028 
to testify to the matters stated therein. . . .'
 ". . . Reid's affidavit makes an attack upon the attachments to Dickson's affidavit, not upon the allegations of the plaintiff's complaint. Reid's affidavit simply states that Dickson's exhibits do not accurately reflect any sums owed. Nowhere in Reid's affidavit does he deny the debts. Reid's affidavit does attempt to contravene his own guaranties relied upon by the plaintiff:
 "`6. At the time of the execution of the guaranties attached to the complaint, representatives of the Plaintiff represented to me that the purpose of the guaranties was only for parts and services and for no other purpose. It was never intended either by myself or by the plaintiff to my knowledge, that the guaranties were executed for the purpose of guaranteeing rental payments or other obligations.'
 Those allegations must be viewed against the written guaranties which, it is uncontroverted, Reid himself signed. Those written guaranties, clearly obligating Reid, extend to rental payments or any other obligations. The terms of those guaranties could not be contradicted or modified by Reid's parol testimony at trial in the absence of mistake, fraud or ambiguity. Gunnels v. Jimmerson, Ala., 331 So.2d 247
(1976). Because Reid's affidavit raised no issue of mistake, fraud or ambiguity, it raised no genuine question of fact precluding summary judgment."
379 So.2d at 1250-51. See, also, Shipp v. First Alabama Bank ofGadsden, 473 So.2d 1014 (Ala. 1985).
Once the movant has carried his burden, which is frequently a heavy one, to eliminate any issue of material fact and makes a prima facie showing that he is entitled to judgment as a matter of law, the burden shifts to the nonmoving party to show, by admissible evidence, the existence of a material fact. This Avis Horner has failed to do. Therefore, the trial court did not err when it granted summary judgment in favor of the bank. That judgment, certified pursuant to Rule 54 (b), A.R.Civ.P., as final, is due to be affirmed.
Inasmuch as we hold that the trial court did not err in granting summary judgment in favor of the bank on the counterclaim, when the counterclaim is viewed on its merits, we need not consider the bank's arguments, and the appellant's counter-argument, with regard to the statute of limitations as it relates to the counterclaim, nor need we address the failure of the counter-claimant to seek leave of court to amend her answer to later add a counterclaim under A.R.Civ.P., Rule 13 (b) and (c).
The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.