First National Bank of Mobile obtained permission from this Court, pursuant to provisions of Rule 5, Ala.R.App.P., to appeal from an interlocutory order denying First National's motion for summary judgment against Avis C. Horner.
This case has been before this Court once before. Horner v.First National Bank of Mobile, 473 So.2d 1025 (Ala. 1985).
The controversy began when First National tried to enforce a guaranty agreement executed in favor of First National by John and Avis Horner. Avis Horner filed a counterclaim alleging that First National had falsely and fraudulently represented to her that it would be necessary for her to execute the guaranty agreement before the bank would extend credit to her husband's business, Horner Cabinets, Inc. First National filed a motion for summary judgment on the counterclaim, supported by an affidavit of an officer of First National who agreed with Mrs. Horner's contention that she was told that her signature was necessary before the bank would extend a line of credit to the family corporation. The trial court granted First National's motion for summary judgment. Horner appealed and we affirmed.Horner v. First National Bank of Mobile, supra.
First National then filed a motion for summary judgment against Mrs. Horner on its complaint on the guaranty agreement. A motion for summary judgment on First National's complaint had previously been granted as to John Horner, Mrs. Horner's husband, and Horner Cabinets, Inc.; that summary judgment is not before this Court. In the affidavit of a bank officer, which was attached to the motion, there was sworn testimony that Mrs. Horner executed the guaranty agreement as an inducement for the bank to extend credit to Horner Cabinets, a corporation in which Mrs. Horner was involved as an officer or as the wife of John Horner, and that thereafter further credit and financial accommodations were extended to Horner Cabinets.
Mrs. Horner signed the guaranty agreement. Her signature was acknowledged by a notary public, who swore that Mrs. Horner was informed of its contents and voluntarily signed it. Therefore, testimony that she did not know what the guaranty agreement was when she signed it is inadmissible (Horner v. First NationalBank of Mobile, 473 So.2d 1025, 1026 (Ala. 1985), in the absence of mistake, fraud, or ambiguity (Real Coal, Inc. v.Thompson Tractor Co., 379 So.2d 1249, 1251 (Ala. 1980).
The pertinent parts of Mrs. Horner's affidavit are:
 "I was requested by a bank official to sign a paper at that time. At the time I did not know that it was a guaranty agreement, the officer of the bank who prevailed upon me to sign the agreement did not tell me that it was a guaranty agreement, in fact, he represented it to me as a mere formality, and was just to *Page 421 
bring the records of the bank up to date. . . . I signed the guaranty agreement in reliance on the statements he made to me without reading the agreement, as a matter of fact he had it folded in such a manner that I could not see that it was a guaranty agreement, all I could see was my husband's signature on it and he asked me to sign under my husband's signature. If I had know it was a guaranty agreement, I would not have signed it as I had never signed any guaranty agreements in connection with my husband's business before."
For purposes of summary judgment, the facts, must of course, be viewed in a light most favorable to the nonmovants. Torresv. State Farm Fire Casualty Co., 438 So.2d 757 (Ala. 1983).
In so viewing the facts, we note that the term "Guaranty Agreement" appeared one inch above and also three inches below the middle of Mrs. Horner's signature, so that it would have taken careful folding of the document to keep her from seeing those words. Even so, there are no factual averments or facts in the record to constitute actionable fraud on the part of First National. Mrs. Horner had a duty to exercise some measure of precaution to safeguard her interests. "[A] mere formality, . . . just to bring the records of the bank up to date" is the alleged misrepresentation. Any document used by a bank, e.g., a note, a mortgage, a financing statement, a truth-in-lending affidavit, etc., can be considered a "formality" and necessary to bring the records of the bank up to date." Even if this were a "misrepresentation," Mrs. Horner's reliance must have been reasonable under the circumstances. There is nothing in the record to indicate that Mrs. Horner was incapable, mentally or physically, of examining the document or inquiring as to the exact nature of the "mere formality . . . just to bring the records of the bank up to date" before she signed the guaranty. If the circumstances are such that a reasonably prudent person who exercised ordinary care would have discovered the facts, Mrs. Horner should not be entitled to prevail on her affirmative defense of fraud. Torres v. State, supra. The circumstances are such in this case.
We find that First National's summary judgment was made and supported in compliance with Rule 56, Ala.R.Civ.P. Since Mrs. Horner made no evidentiary showing in opposition to indicate that there is a genuine issue for the trier of fact, Butler v.Michigan Mutual Insurance Co., 402 So.2d 949 (Ala. 1981), First National's summary judgment should have been granted.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.