ALMON, Justice.
This is a fraud action. Plaintiff, Tyson Kilpatrick, contends that the individual defendant, as agent of the defendant bank, falsely represented that mortgages to be signed by plaintiff would not cause plaintiff to lose his property, but were merely formalities for the benefit of the bank’s board of directors. The trial court granted summary judgment for defendants.
The trial court judgment sets forth the pertinent facts:
“This cause being submitted on the Motion of the Defendants Citibanc of Alabama/Andalusia and Jimmy Kirkland for a Summary Judgment and the Court having duly considered the matter submitted in support of and in opposition to the Motion for Summary Judgment enters the following order.
*40 “It is undisputed that the Plaintiff and one James Paul were entering into a partnership agreement and made an application at the Defendant lending institution for a loan to finance in part the partnership venture. It is further undisputed that the Plaintiff furnished the lending institution with descriptions of real estate he owned in Florida and Alabama and furnished title opinions covering said real estate with full knowledge that said real estate would be pledged as collateral for the loan the partnership was seeking. It is further undisputed that the Plaintiff executed certain notes and mortgages which pledged his real estate as collateral for the partnership loan; and that the Defendant lending institution issued a Cashier’s Check made payable to the Plaintiff and Paul in the amount of $17,038.50.
“The Plaintiff now says that the Defendant Kirkland, an officer of the Defendant Citibanc, at the time of the loan falsely represented to him that he would not lose his real estate if the loan was not paid.
“It is the opinion of the Court that the Plaintiff could not have reasonably relied upon any misrepresentation made by the Defendant Kirkland, an officer of the Defendant bank, and that there is no genuine issue of material fact as to a misrepresentation being made upon which the Plaintiff relied.”
The court did not err in holding that any reliance by Kilpatrick would not be reasonable and thus would not support a finding of fraud. First National Bank of Mobile v. Avis C. Horner, 494 So.2d 419 (Ala.1986); American Pioneer Life Ins. Co. v. Sherrard, 477 So.2d 287 (Ala.1985); Mahoney v. Forsman, 437 So.2d 1030 (Ala.1983); Village Toyota Co. v. Stewart, 433 So.2d 1150 (Ala.1983); Bedwell Lumber Co. v. T & T Corp., 386 So.2d 413 (Ala.1980). The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEAT-TY and HOUSTON, JJ., concur.