The issue presented on this appeal is whether the trial court properly granted summary judgment in favor of the Bank of Oxford and against Benny and Janice Williams on a guaranty agreement. The summary judgment was proper, and we affirm.
 FACTS
In September 1983, the Bank of Oxford lent approximately $140,000 to Brian Williams, Rhonda Williams, and Anniston Wholesale and Retail Florist, Inc. The Bank of Oxford lent the same parties an additional $3,800 that same month. Benny Williams and Janice Williams executed a guaranty agreement for all the debts of Brian and Rhonda Williams and Anniston Wholesale Retail Florist, Inc., up to the amount of $140,000. The guaranty covered all debts, including renewals or future advances. The collateral for the two loans was the guaranty of Benny and Janice Williams, real estate mortgages, and a security interest in the inventory, equipment, furniture, and accounts of the business. In addition to guaranteeing payment of the principal amounts, Benny and Janice Williams promised to pay interest, a reasonable attorney fee, and all other costs and expenses incurred by the Bank in enforcement of the guaranty. The guaranty provides that the obligation created thereby is joint and severable and independent of the obligation of the borrowers. The guarantors waived any right to require the Bank to proceed against the borrowers or to proceed against or exhaust any security held from the borrowers. Benny and Janice Williams also signed as guarantors on the face of the $140,000 note and acknowledged their signatures on the note and guaranty.
Benny Williams was a friend of the Bank's president and was a shareholder of the Bank. Benny Williams solicited the business of Brian Williams, his son, for the bank, and went with his son to the Bank to ask for the loan. Benny and Janice Williams agreed to guarantee the debt because Benny had a feeling that the Bank would not lend Brian the money without the guaranty. The president of the Bank prepared the documents for Benny and Janice Williams, who say they signed the documents without reading them.
After one year, a balloon payment on the $140,000 debt became due; it was not paid, and the Bank agreed to renew the loan. Brian and Rhonda Williams made a few payments on the renewed loan, but then defaulted. In February 1985, the second note, in the amount of $3,800, was also renewed. The Bank notified Benny Williams that his son was behind in his payments and urged him to have his son pay his indebtedness.
In October 1985, the Bank sued Brian Williams, Rhonda Williams, Benny Williams, and Janice Williams on both notes. An action on the $140,000 note was filed in circuit court and a separate action was filed on the $3,800 note in district court. The first count of the circuit court complaint was against Brian and Rhonda Williams on the promissory note. The second *Page 369 
count was against Benny and Janice Williams as guarantors. The district court complaint sought payment from Brian, Rhonda, Benny, and Janice jointly and severally. Brian and Rhonda Williams and Anniston Wholesale and Retail Florist, Inc., filed petitions in bankruptcy, which automatically stayed the prosecution of civil actions against them. The bankruptcy court later entered an order granting the Bank relief from the stay in August 1986. The Bank then took possession of the assets of Brian Williams, Rhonda Williams, and Anniston Wholesale and Retail Florist, Inc. The Bank solicited purchasers, advertised the property, and obtained more bids than normal for a foreclosure sale. The property was sold to the highest bidders.
The circuit and district court actions were consolidated into one action for trial in the circuit court. The Bank moved for summary judgment against Benny and Janice Williams. The Bank presented evidence in support of its motion by affidavits proving all of the documents; the amount of principal owed on the two notes, $117,607.57; and accrued interest on the two notes of $29,919.42, for a total principal and interest of $147,526.99. After a hearing, the trial court granted summary judgment. Benny and Janice Williams filed a request for reconsideration of the trial court's order, which was denied. A notice of appeal was then filed in this Court.
 I
The issue raised on appeal is whether the trial court erred in granting summary judgment in favor of the Bank of Oxford. Benny and Janice Williams contend that they produced evidence of fraud that arose out of a confidential relationship with the Bank. They assert that the affidavit of Benny Williams raised the question whether a confidential relationship, or the particular circumstances of this case, created an obligation on the Bank to communicate certain facts concerning the documents.
 II
Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Ala.R.Civ.P.;Jones v. Newton, 454 So.2d 1345 (Ala. 1984). Once the moving party has made a prima facie showing, then, to defeat the motion, the opposing party must show by admissible evidence that a genuine issue of material fact exists that requires a determination by a jury. It is not enough that the opposing party merely disputes or refutes an immaterial fact, nor is it enough that evidence that is inadmissible under the normal rules of evidence is advanced to contravene the evidence submitted by the movant. Horner v. First National Bank ofMobile, 473 So.2d 1025 (Ala. 1985).
 III
The record shows that the guaranty agreement that is the basis of the two complaints against Benny Williams and Janice Williams were in writing and signed by them. It is well settled that when the terms of a contract are unambiguous, the contract's construction and legal effect become questions of law for the court, and, when appropriate, those questions may be decided by summary judgment. Colonial Bank of Alabama v.Coker, 482 So.2d 286 (Ala. 1985). One who executes a written contract and is ignorant of its contents cannot set up that ignorance to avoid the obligation, absent fraud or misrepresentation. Waldrep v. Nosrat, 426 So.2d 822
(Ala. 1983). With regard to guaranty agreements, this Court has stated that the guarantor's claimed ignorance of the contents of a written guaranty in no way avoids his obligation thereunder, in the absence of fraud or misrepresentation.Medley v. Southtrust Bank of the Quad Cities,500 So.2d 1075 (Ala. 1986). The relationship between a bank and its customer has traditionally been viewed as a creditor-debtor relationship that does not impose a fiduciary duty of disclosure on the bank. A fiduciary duty of disclosure may arise, of course, when the customer reposes trust in a bank and relies on the bank for financial advice, or in other special circumstances. Faith, Hope and Love, Inc. v. First AlabamaBank, 496 So.2d 708 (Ala. 1986). Those facts are not present here. *Page 370 
 IV
We are of the opinion that the trial court properly granted summary judgment in favor of the Bank of Oxford. We believe that the Bank established a prima facie case by proving the notes and guaranty, the signatures of Benny and Janice Williams on the guaranty, the amount of the principal debt, the interest due on the debts, the defaults, the demands for payment, and the amount of reasonable attorney fees.
We are of the opinion that, even if Benny and Janice Williams had established a duty to disclose arising from a confidential relationship with the Bank, there are no material facts that were not disclosed to them. They acknowledged that they guaranteed the debts and that their guaranty was necessary for the loans to be made. Benny Williams stated that he did not know that the $140,000 note had a provision calling for a balloon payment after one year, but he stated that that note was renewed at the end of that year and before there was a default by his son. The provisions of the $140,000 note clearly state these terms. Benny Williams executed the note and the renewal as guarantor, and now claims that he did not notice the balloon provision, but in his deposition he acknowledges that the bank president probably told him about the balloon provision, but that it did not "register" with him. A guarantor has a duty to exercise prudence in executing documents and understanding what they contain. First National Bank ofMobile v. Horner, 494 So.2d 419 (Ala. 1986). Benny Williams's affidavit does not specify that any material fact was either misrepresented to him by the Bank, nor that any facts were concealed by the Bank. It only states that he understood the terms of the guaranty agreement and the payments of the note to be different from what they were. These allegations do not constitute admissible evidence showing that there is a genuine issue for trial.
The continuing guaranty executed by Benny and Janice Williams created joint and several liability to the Bank, up to $140,000, independent of the obligations of Brian Williams, Rhonda Williams, and Anniston Wholesale and Retail Florist, Inc. It authorized the bank to renew or modify the indebtedness without notice to them. It waived the right to require the Bank to proceed against the borrowers and to proceed against any other collateral for the debt. The guarantors promised to pay all indebtedness of the borrowers up to the principal amount of $140,000, plus interest and reasonable attorney fees. The guaranty was an absolute and continuing guaranty for all indebtedness created before the guaranty was revoked by written notice from the guarantors. A guarantor cannot fail to read a document and then assert the defense that he understood the document to be other than what it was. Almost identical facts are found in First National Bank of Mobile v. Horner,494 So.2d 419 (Ala. 1986). As in that case, there is nothing in the record of the present case to indicate that the guarantors were incapable, mentally or physically, of examining the document or inquiring as to its exact nature before signing it. "If the circumstances are such that a reasonably prudent person who exercised ordinary care would have discovered the facts, [a defendant] should not be entitled to prevail on [the] affirmative defense of fraud." 494 So.2d at 421. Even if Benny and Janice Williams could establish any misunderstanding of the terms of the note in this case, we believe that their reliance on such a misunderstanding would not have been reasonable under the facts of this case. A misunderstanding of the contents of the guaranty agreement cannot vary the clear, unambiguous provisions of the written document. Horner v. FirstNational Bank of Mobile, 473 So.2d 1025 (Ala. 1985). In Benny Williams's affidavit, he claims that the Bank should have told him that he had waived the right to require the Bank to apply the collateral against the debt and says it was his understanding that the Bank would so apply the collateral. In his deposition, he was asked, "Nobody ever told you that that was the way it was?" He answered, "That is just my common sense."
A motion for summary judgment cannot be defeated by vague assertions. *Page 371 
Once the movant proves his prima facie case, then in the absence of a response setting forth specific facts raising a genuine issue for trial, summary judgment is correctly granted. The guarantors cannot defeat the plain terms of the agreement by saying that they did not intend to obligate themselves to the provisions of the written guaranty agreement. See, RealCoal, Inc. v. Thompson Tractor Co., 379 So.2d 1249 (Ala. 1980). A guarantor's affidavit opposing summary judgment that generally states that the guarantor is not indebted, or that the bank has improperly credited payments to the debt is insufficient to overcome a prima facie case by the bank.Day v. Merchants National Bank of Mobile,431 So.2d 1254 (Ala. 1983). An opposing affidavit is insufficient if in it the guarantor merely claims that at the time the guaranty agreement was executed, the bank represented facts contrary to the provisions of the guaranty agreement. In Richter v.Central Bank of Alabama, N.A., 451 So.2d 239 (Ala. 1984), the guarantor claimed that she was told that she would not be liable in the event of default on the note and that she would not have to put up any additional collateral to secure the debt. In that case, this Court held that that was insufficient to vary the terms of the agreement.
The affidavit of Benny Williams in this case makes a similar allegation that he is upset because the Bank would not restructure the debt after default unless he would give additional collateral, and that he should not have to pay the indebtedness after default on the notes, until all the collateral has been applied to the debt. The written agreement is to the contrary.
For the above reasons, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.