This appeal follows the granting of a motion for summary judgment in a repossession case.
The record in pertinent part reveals the following: In July 1988, the defendant, Larry Johnson, borrowed money from The Citizens Bank (bank), and pledged as collateral a Chevrolet truck. A bank employee testified that, when the truck was destroyed, Johnson called the bank and advised it that he wanted to substitute for the Chevrolet truck on the note two other vehicles, and wanted the bank to authorize him to keep the insurance money collected on the truck. A bank employee testified that shortly after Johnson had called, he sent his wife to the bank with the certificates of title to the two vehicles he wanted to substitute as collateral on the note.
The bank employee further testified that it, in accordance with Johnson's directions, added the substituted vehicles to the security agreement and retained the certificates of title that had been delivered by Johnson's wife. The reference to the destroyed vehicle was crossed out and a reference to the new ones substituted, and the wife then initialed the note.
Johnson acknowledged that the bank had the certificates of title to the vehicles in question in its possession but alleged that he did not authorize the substitution. However, he could not explain how the bank got the certificates. Johnson's wife did not testify. Johnson acknowledged receipt of the money on the note and likewise acknowledged that the note was in default. He also admitted that the Chevrolet truck had burned and that he had obtained the insurance money and spent it. However, he testified that he was not going to pay the note because of "all of the forgery going on around over there." He denied that he sent his wife to the bank with the certificates or that he told his wife to initial the note. According to Johnson, his wife had absolutely no role to play in the transaction.
The bank filed a motion for summary judgment and requested that the cause be set for a hearing. The trial court authorized the admission of oral testimony, both from the bank and from Johnson. In opposition to the bank's motion, Johnson contended that the bank altered the note to delete the Chevrolet truck and substituted the two other vehicles in its place without his permission. He argues that he did not authorize such a change and that the summary judgment motion was to be denied.
Upon the consideration of oral testimony offered by the bank and Johnson, together with the documents introduced into evidence, the trial court determined that there was no genuine issue of material fact and entered a summary judgment for the bank. Johnson then filed his notice of appeal to this court.
The dispositive issue on appeal is whether the trial court erred in granting the bank's motion for summary judgment.
After the movant has made a prima facie showing that he is entitled to a judgment as a matter of law, the opposing party must show by admissible evidence that there is a genuine issue of material fact which would require a resolution by a factfinder. Horner v. First National Bank of Mobile,473 So.2d 1025 (Ala. 1985). *Page 578 
It is not enough that the opposing party merely disputes or refutes an immaterial fact, nor is it enough that inadmissible evidence is advanced to contravene that of the movant.Horner.
Here, the bank alleged that the vehicle pledged as collateral on the note had burned and that Johnson had received the insurance on the vehicle. However, Johnson did not pay the insurance proceeds to the bank. Instead, the bank alleged that he requested that certain other vehicles be substituted on the note. The bank now contends that Johnson is in default on the note and, therefore, requests title to the two vehicles.
The trial court not only had the pleadings before it, but also had the opportunity to hear the contentions and arguments of the parties. Although Johnson denied that he had his wife take the certificates of title to the other vehicles to the bank, or that he asked her to initial the changes made on the original note, he fails to offer any plausible explanation whatsoever as to how the bank got possession of the two certificates of title that it was holding. Further, as noted above, the wife did not testify. Therefore, we find that Johnson failed to show by admissible evidence that the bank was not entitled to a summary judgment. Horner.
In view of the above, we find that the trial court was correct in granting the bank's motion for summary judgment.
This case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.