ROBERTSON, Presiding Judge.
Troy Parker appeals from a summary judgment for Thompson Tractor Company, Inc. (Thompson).
*758 In March 1994, Thompson sued Troy Parker and his wife, Patricia Parker, in the Lawrence County District Court, seeking to recover $4,973.32, an amount Thompson alleged was “due by open account” and unpaid by the Parkers.[1] Troy Parker answered the complaint, denying all the allegations asserted therein. Patricia Parker did not answer the complaint. Thompson moved for a summary judgment; the motion was set for a hearing on September 14, 1994. Neither Troy Parker nor Patricia Parker appeared at the summary judgment healing. Thereafter, the district court entered a summary judgment for Thompson, ordering Troy Parker to pay Thompson $4,973.32, plus costs. The court also entered a default judgment against Patricia Parker in the amount of $4,973.32, plus costs.
Troy Parker appealed to the Lawrence County Circuit Court. Thompson filed a motion for summary judgment; Troy Parker filed an opposition to the summary judgment motion. Following arguments of counsel, the circuit court entered an order on February 13, 1996, that stated, in pertinent part: “It is therefore, ORDERED, ADJUDGED, AND DECREED by the Court that pursuant to Rule 56 of the Alabama Rides of Civil Procedure ... judgment be and the same is hereby entered in favor of the Defendant.” On February 23, 1996, the trial court entered an amended order, which stated, in pertinent part: “The order issued by this Court granting Summary Judgment on behalf of the Plaintiff, dated February [13], 1996, contained an oversight. Paragraph number three, which Orders, Adjudges and Decrees, Summary Judgment granted for the Defendant should be amended to Order Summary Judgment granted on behalf of the Plaintiff.” The trial court entered a second amended order on March 11,1996, stating, in pertinent part:
“The Order issued by this Court on February 23, 1996, amending the Order issued by this Court on February [13], 1996, granting Summary Judgment in favor of the plaintiff, Thompson Tractor Company, Inc., and against the defendant, Troy Parker, is hereby farther amended to reflect judgment, on behalf of the plaintiff and against the defendant, for the principal sum of $4,973.32 plus interest, calculated at the raté of 6% per annum (6% APR) from to-wit September 26, 1990, in the amount of $1,616.33, for a total judgment amount of $6,589.66, plus costs, for which execution may issue.”
Troy Parker filed a motion to alter, amend, or vacate the judgment, which was denied. He appealed.
A summary judgment is proper when “the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(e)(3), Ala.R.Civ.P. The burden is on the movant to show that there exists no genuine issue of material fact; however, once a party moving for a summary judgment establishes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to rebut the prima facie showing. McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992).
After the movant has made a prima facie showing that he is entitled to a judgment as a matter of law, the opposing party must show by substantial evidence that there is a genuine issue of material fact that would require a resolution by a factfinder. Johnson v. Citizens Bank, 582 So.2d 576 (Ala.Civ.App.1991). Substantial evidence is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In deciding whether there is a genuine issue of material fact, we view the evidence in the light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Long v. Jefferson County, 623 So.2d 1130 (Ala.1993).
In support of its motion for summary judgment, Thompson presented the Parkers’ account statement and the affidavits of Sandra Pugh and Kenny Bishop. The account *759 statement showed a $1,332.25 charge against the Parkers’ account on October 10, 1990; a $2,531.13 charge against the account on December 30, 1990; and monthly finance charges of one and one-half percent. Pugh, the credit manager at Thompson Tractor, stated that she “knows of [her] own knowledge [of] the attached account against Troy and Patricia Parker ... and that every item thereon is just, true, and correct to the best of [her] understanding, knowledge and belief and that the amount of same ... [$4,973.32] with interest thereon is due and unpaid and that there are no counterclaims or offsets against same.” The affidavit of Kenny Bishop, a sales representative at Thompson, described a number of repairs that Thompson had performed between September 12, 1990, and September 26, 1990, on a bulldozer owned by Troy Parker. Bishop stated that “Thompson billed [Troy] Parker $4,973.32 for the work performed and finance charges incurred ..., and this amount includes a credit for two payments made in 1991 for $500.00 each and a credit for $479.08.”
In opposition to Thompson’s motion for summary judgment, Troy Parker offered his affidavit, wherein he stated that he had paid Thompson $1,000 to install a “rock guard” on his bulldozer “on or about the 10th day of October, 1990.” Troy Parker’s affidavit also stated:
“I know that I did not have any work done on the dozer from the 10th day of October, 1990 until the 31st day of December, 1990. I know that on or about the 31st day of December, 1990, I got a bill from [Thompson] for [$2,531.13]. I did not owe any amount of monies to [Thompson] at that time. I know that I do not owe [Thompson] any amount of monies as of the date of the signing of this Affidavit.”
Viewing this evidence in the light most favorable to the nonmovant, Troy Parker, we find that genuine issues of material fact exist. Specifically, questions of fact exist regarding the repairs Thompson made to Troy Parker’s bulldozer and the amounts charged to the Parkers’ account. The account statement submitted by Thompson shows a $1,332.25 charge on October 10, 1990, and a $2,531.13 charge on December 31, 1990. However, Kenny Bishop’s affidavit states that Thompson performed $4,973.32 in repairs on the bulldozer in September 1990. Troy Parker maintains that he paid Thompson for repairs performed in October 1990, and that Thompson did not perform any work on his bulldozer after October 1990.
Because genuine issues of material fact exist, the trial court erred in entering the summary judgment for Thompson. The judgment is due to be reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
THIGPEN, YATES, and MONROE, JJ., concur.
CRAWLEY, J., dissents.

. While this action was pending Troy Parker and Patricia Parker were divorced.