PARKER, Justice.
Manford Welch and his wife, Ann Welch, appeal from a judgment against them in the amount of $152,691.63 plus costs in the underlying contract action, into which they were joined after a summary judgment *869 had been entered against the original defendants. They also challenge the denial of their motion for a change of venue and the dismissal of their counterclaim alleging fraud. We affirm.

Background

The trial court provided a summary of the action in its July 8, 2005, order entering judgment against the Welches:
“The matter before the Court is SouthTrust Bank’s complaint to collect monies owed under a promissory note in default. This matter was heard ore ten-us....
“On October 1, 1993 SouthTrust Bank (now Wachovia Bank) loaned Barry’s Foodmart[s], Inc.,[1] Barry Langham, Sr. and Sherry Langham $300,000.00 for the purpose of owning and operating a grocery store. Summary Judgment was taken against these three Defendants August 21, 2003 for $148,263.88 plus cost of court. Plaintiff Bank amended the complaint adding [the Welches] as Defendants on a guaranty note signed by them October 1,1993.
“The defendants (Welches) argue that there was fraud in the inducement or an innocent misrepresentation. Manford Welch testified that he did not know the extent of what he was signing and thought that only a $10,000.00 certificate of deposit was at risk. However, neither Defendant bothered to turn the document over and read it in its entirety. In fact, Barry Langham, the son-in-law, presented the guaranty agreement to the Welches for their signatures. No representations were made by the bank, nor did the bank ever have any contact with the Welches. Subsequently, the Defendants Barry’s Foodmart[s], Inc., and the Langhams executed a document titled change in terms of agreement on May 15, 2002 which extended the maturity date to May 15, 2007. The principal amount owed at that time was $129,358.30. Barry’s Foodmart[s] and the Langhams subsequently defaulted on the note. The balance due as of July 6, 2005 was $152,691.63 and increases $28.20 every subsequent day thereafter.
“The Welches have a duty to read the document and to inquire as to its contents. They cannot derive benefit from its execution and avoid the risks when their family defaults on the note. In this regard see First National Bank of Mobile v. Horner, 494 So.2d 419 (Ala.1986), and Boland v. Fort Rucker National Bank, 599 So.2d 595 (Ala.1992).
“Based on the foregoing it is Ordered, Adjudged and Decreed that judgment be entered in favor of SouthTrust Bank/Wachovia Bank and against [the Welches] in the amount of $152,691.63 plus cost of court.”
The loan was a Small Business Administration loan that Barry Langham solicited for Barry’s Foodmarts, Inc., from South-Trust Bank of Dothan (now Wachovia Bank, N.A.).[2] The loan request was approved on July 8, 1993, but Paul Gressman of SouthTrust told Barry Langham that the bank needed additional collateral up front. Welches’ brief at 6. Barry Lang-ham and his wife, Sherry Langham, went to Sherry’s parents, the Welches, who agreed to assign their $10,000 certifícate of *870 deposit held with the First Alabama Bank (now Regions Bank) as security for the loan. They assigned the account on September 23, 1993, and First Alabama issued an irrevocable letter of credit in favor of SouthTrust for the account of “Barry’s Food Mart, Inc.,” on the same day.
On or about October 1, 1993, the Lang-hams met with Gressman at a Hardee’s fast-food restaurant in Dothan after regular banking hours. What follows is Wa-chovia’s version of what transpired at that meeting and thereafter to result in the execution of the guaranty:
“At that time, Mr. Gressman handed Mr. Langham the Guaranty and said, ‘Sign this and I’ve got all the information from Regions — from First Alabama about the [certificate of deposit], just get them to sign it and I’ll fill it out, and that will be it.’ Mr. Gressman further stated, ‘[the Guaranty] was for their records for the [certificate of deposit], you know, for the [Small Business Administration] or whatever.... ’ Mr. Langham took the Guaranty to the Welches’ home where he told the Welches what Mr. Gressman had said about the Guaranty. Then, he laid the Guaranty down with the signature line up, and said, ‘[T]hat man from that Small Business said all you’ve got to do is sign, and you ain’t got to look at nothing.’ Mr. Langham further told the Welches, ‘[M]y bank needs this signed for their files, just stating that you’ve have signed the [certificate of deposit] over.’ The Welches executed the Guaranty.”
Wachovia’s brief at 3 (citations to the record omitted).
The guaranty agreement is printed on both sides and required execution on the reverse. The Welches assert that “Gress-man had only filled in SouthTrust Bank of Dothan for ‘Lender’ and Barry’s Food-mart[s], Inc. as ‘Debtor.’ The rest of the document was blank.... The principal amount of the loan and the interest rate were not written in the document.” Welches’ brief at 8.
On May 15, 2002, the Langhams and Wachovia executed a document titled “Change in Terms Agreement” extending the term of the loan and changing the variable interest rate to a fixed rate.
The Langhams defaulted on the loan, and Wachovia Bank, on May 1, 2003, sued for the balance due. Wachovia moved for a summary judgment, and the court set a hearing for August 11, 2003. When only Wachovia appeared for the hearing, the court entered an order stating that Wacho-via’s summary-judgment motion was due to be granted and directing Wachovia to submit a draft summary-judgment order within 10 days. The same day, Wachovia submitted a motion to amend the complaint to join the Welches as defendants. The trial court granted the motion on August 19, 2003, and on August 21, 2003, the trial court entered a summary judgment in favor of Wachovia and against Barry’s Foodmarts, Inc., Barry Langham, and Sherry Langham. Wachovia amended the complaint to join the Welches on August 20, 2003, and moved the court on September 29, 2003, for authority to serve the Welches by certified mail.
On October 31, 2003, Barry Langham’s attorney filed a notice with the trial court stating that Barry Langham and Barry’s Foodmarts, Inc., had filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code.
The Welches, on November 17, 2003, filed a motion either to transfer the case from the Houston Circuit Court to the Baldwin Circuit Court or to dismiss the case without prejudice for lack of venue. They argued that the complaint arises out of contract and cited § 6-3-2(a)(2), Ala. *871 Code 1975, which provides that “[a]ll actions on contracts ... must be commenced in the county in which the defendant or one of the defendants resides.” Because all the individual defendants named in the complaint are residents of Baldwin County and because Barry’s Foodmarts, Inc., does business only in Escambia and Baldwin Counties, venue in Houston County, they argued, was improper.
Wachovia responded, arguing that the Langhams and Barry’s Foodmarts, Inc., had waived the issue of venue by answering the complaint and not raising the defense of improper venue. It cited Rule 82(c), Ala. R. Civ. P., which provides: “Whenever an action has been commenced in a proper county, additional claims and parties may be joined ... as ancillary thereto, without regard to whether that county would be a proper venue for an independent action of such claims against such parties.” Wachovia argued that because venue in Houston County was proper as to the original defendants, it is proper as to the Welches.
The trial court held a hearing on January 5, 2004, on the venue issue and at the end of the hearing ordered the parties to submit additional authority regarding the issue within 14 days. In response, the Welches argued that under the principle enunciated in Ex parte Central of Georgia Railway, 243 Ala. 508, 513, 10 So.2d 746, 750 (1942), the right to a change of venue is individual to each defendant, and one defendant may not waive the right on behalf of another. They further argued that Rule 82(c), Ala. R. Civ. P., is not applicable here because the rule presumes that the action was commenced in a proper county, and the action here was commenced in a county where venue was improper because no defendant was a resident. Because the county in which the action was commenced was not a “proper county,” they argue, the waiver of any claim by the original defendants that venue was improper does not constitute a waiver of the issue by the Welches.
Wachovia, in its brief in the trial court supporting venue in Houston County, stated that it could find no law that was on point and that, therefore, this case presented a question of first impression. It relied on the Committee Comments on 1973 Adoption to Rule 82(c), which state: “These rules provide for a more liberal joinder of claims and of parties than has hitherto been possible in Alabama.... The correct principle seems to be that once venue is properly laid, other claims and parties may be joined as ancillary to the original action regardless of venue requirements.” Wachovia went on to state:
“Barry’s Foodmart[s] and its guarantors [the Welches] brought themselves to Houston County to borrow money from SouthTrust of Dothan [now Wacho-via], even though SouthTrust branches were located in Mobile and Baldwin Counties. Houston County was the place the contract was entered into, the place where all paperwork was executed and processed, and the place of the loan. [They] found it convenient to borrow money from a Dothan bank, but now they fail to find it convenient to return for a suit on their failure to make payment on their obligations.
“Houston County has significant interests in this case, and the case should be retained in this county based on Houston County’s interest, judicial efficiency, and analogous application of Rule 82(c).”
On June 16, 2004, the trial court issued its order denying the Welches’ motion for a change of venue. The order stated, in part:
“Defendants (Welches) argue that venue was improper as to all Defendants, including themselves. However, *872 Defendant Corporation and Defendant Langhams waived venue and answered Plaintiffs complaint. [The Welches] make a good argument that venue is personal to them and they would not be affected by the Langham’s waiver of venue. Nonetheless, it would be a more prudent use of judicial resources if the case remained in Houston County. This Court addressed the underlying case, which by necessity, would remain in Houston County. The [Welches] could conceivably be allowed to transfer the case to Baldwin County, Alabama. This action would unnecessarily bifurcate the case and could allow for inconsistent judgments. After all, the Defendants came to Houston County, Alabama, to seek and execute the loan made the basis of the lawsuit. The comment to [Ala. R. Civ. P.] Rule 82(c) states: ‘These joinder provisions will be greatly restricted if venue must be proper as to every claim and every party which is joined, and authorization of liberalized joinder having been contemplated by the enabling act, such restriction is not considered to have been intended by the legislature. The correct principle seems to be that once venue is properly laid, other claims and parties may be joined as ancillary to the original action regardless of venue requirements.’
“Accordingly, it is therefore ORDERED, ADJUDGED and DECREED that [the Welches’] motion to transfer venue is hereby denied.”
On July 29, 2004, the trial court entered a default judgment against the Welches, which it set aside on August 9, 2004, because the Welches had been provided no hearing. The Welches answered the complaint on August 3, 2004, denying all claims and asserting affirmative defenses of failure of consideration, fraud in the inducement, and unclean hands.
Wachovia filed a motion for a summary judgment on August 13, 2004. On November 12, 2004, the Welches filed a response, creating, they claimed, a genuine issue of material fact that would preclude a summary judgment. They asserted that the guaranty instrument they executed “demonstrates separate handwriting which the Welches contend did not exist when they signed the document” and that Wachovia is not a holder in due course of the guaranty instrument under Ala.Code 1975, § 7-3-302, because that statute mandates that the instrument not bear “apparent evidence of forgery or alteration.” They also asserted that the May 15, 2002, refinancing resulted in a new loan, that the Welches’ guaranty of the 1993 loan no longer existed after that refinancing, and that they were unaware that the instrument they signed was a guaranty for $300,000, so that there was no requisite meeting of the minds to form a valid contract.
On December 20, 2004, trial court denied Wachovia’s motion for a summary judgment. Following a bench trial on July 7, 2005, the trial court entered a judgment against the Welches in the amount of $152,691.63, plus court costs, on July 8, 2005. The Welches appeal from this judgment, challenging the denial of their motion to change venue and the dismissal of their counterclaims alleging fraud.

Legal Analysis

Denial of motion for a change of venue

“ ‘The burden of proving that venue is improper in the county in which a suit is brought is upon the party making such a claim. Ingram v. Omelet Shoppe, Inc., 388 So.2d 190 (Ala.1980); Medical Service Administration v. Dickerson, 362 So.2d 906 (Ala.1978); Johnson Publishing Co. v. Davis, 271 Ala. 474, 124 So.2d 441 (1960) ....’
*873 “Ex parte Nelson, 448 So.2d 339, 340 (Ala.1984). See also Unum Life Ins. Co. of America v. Wright, 897 So.2d 1059 (Ala.2004), and Ex parte Pratt, 815 So.2d 532 (Ala.2001). Our standard of review for a challenge to the trial court’s denial of a motion for a change of venue is whether the trial court exceeded its discretion in denying the motion. Ex parte Perfection Siding, Inc., 882 So.2d 307 (Ala.2003).”
Ex parte Flexible Prods. Co., 915 So.2d 34, 51 (Ala.2005).
The Welches and the Langhams were residents of Baldwin County during all times related to the transaction underlying this action. Barry’s Foodmarts, Inc., conducted business only in Escambia County and Baldwin County. The Welches argued in their motion for a change of venue and the supporting brief that § 6-3-2(a)(2), Ala.Code 1975, requires that if an individual defendant is a resident of Alabama, all actions on contracts must be commenced in the county in which he or she resides. Because the instant action is a contract action, they argue, Houston County was not a proper venue for commencing the action. By its terms, Rule 82(b), Ala. R. Civ. P., reinforces the statute by applying only when there is an inconsistency in the statutes for venue in actions against individuals at law and actions in equity. The Welches do not dispute that the Langhams waived the defense of improper venue by answering the complaint in the Houston Circuit Court, but they argue that the right to be sued in their county of residence is a personal right that may not be waived by another defendant. Section 6-3-2(a), Ala.Code 1975, provides that, as to actions against individuals, “[a]ll actions on contracts, except as may otherwise be provided, must be commenced in the county in which the defendant or one of the defendants resides if such defendant has within the state a permanent residence.” This Court has addressed this issue before, stating:
“This right of transfer is the individual right of each defendant. When the right of transfer is invoked by motion of one or more defendants, who have not waived such right, the duty is upon the court to grant it regardless of the attitude of other defendants.”
Ex parte Central of Georgia Ry., 243 Ala. 508, 513, 10 So.2d 746, 750 (1942).
The Welches argue, therefore, that the filing of the action against the Lang-hams in Houston County became proper only because the Langhams (the individual defendants) and Barry’s Foodmarts, Inc. (the corporate defendant), waived the affirmative defense of improper venue when they answered the complaint in Houston County. It follows, the Welches argue, that their joinder into the action under Rule 82(c), Ala. R. Civ. P., can be proper only if venue was initially proper in Houston County. Because venue in Houston County was not proper, they argue, their joinder is improper, and a transfer of the case to their county of residence should have been ordered. “Whenever an action has been commenced in a proper county, additional claims and parties may be joined ... as ancillary thereto, without regard to whether that county would be a proper venue for an independent action ... against such parties.” Rule 82(c), Ala. R. Civ. P. (emphasis added). “ ‘When ruling on a motion to transfer venue, the trial court must determine whether venue was proper at the time the action was filed.’ Ex parte Canady, 563 So.2d 1024, 1025 (Ala.1990).” Ex parte Ambrose, 813 So.2d 806, 810 (Ala.2001) (emphasis added).
Although the Welches presented an argument that venue was not proper in Houston County, the trial court correctly denied the motion for a change of venue, *874 even though it did not enunciate proper reasoning for the denial. The dispositive factor in this case lies in the provisions of § 6 — 3—7(a)(1), Ala.Code 1975: “All civil actions against corporations may be brought in ... the county in which a substantial part of the events or omissions giving rise to the claim occurred ....” Barry’s Food-marts, Inc., the corporate defendant, executed the loan contract in Houston County. The party to the contract was Barry’s Foodmarts, Inc., and the Langhams signed as its corporate officers. Wachovia sued Barry’s Foodmarts, Inc., on the loan contract and the Langhams on their separate commercial guaranties of Barry’s Food-marts’ loan. Venue in Houston County was proper on that basis, not solely because the Langhams waived the affirmative defense. Because venue was proper in Houston County in the original action, the joinder of the Welches in the Houston County action was proper under Rule 82(c). Although this argument was not made on appeal, an appellate court “will affirm the ruling of the trial court if it is right for any reason, even one not presented to or considered by the trial judge.” Premiere Chevrolet, Inc. v. Headrick, 748 So.2d 891, 893 (Ala.1999).
Inasmuch as the denial of the Welches’ motion for a change of venue is supported by law, we hold that the trial court was within its discretion in denying the Welches’ motion for a change of venue.

Dismissal of fraud counterclaims

The Welches signed the guaranty at the request of their son-in-law, Barry Langham, who testified that he took the form Wachovia required as additional security to the Welches’ residence for their signatures, that he placed it before them facedown with the with the side of the form containing the signature line facing up, and that the Welches signed it.
The Welches ask this Court to determine “whether the trial court erred in refusing to accept the uncontroverted testimony presented by the Welches regarding fraud, whether innocent, reckless or willful, in the execution of the [Small Business Administration] Guaranty.” Welches’ brief at 22.
We reiterate, in part, the trial court’s judgment against the Welches:
“The defendants (Welches) argue that there was fraud in the inducement or an innocent misrepresentation. Manford Welch testified that he did not know the extent of what he was signing and thought that only a $10,000.00 certificate of deposit was at risk. However, neither Defendant bothered to turn the document over and read it in its entirety. In fact, Barry Langham, the son-in-law, presented the guaranty agreement to the Welches for their signatures. No representations were made by the bank, nor did the bank ever have contact with the Welches....
“The Welches have a duty to read the document and to inquire as to its contents. They cannot derive benefit from its execution and avoid the risks when their family defaults on the note. In this regard see First National Bank of Mobile v. Horner, 494 So.2d 419 (Ala.1986), and Boland v. Fort Rucker National Bank, 599 So.2d 595 (Ala.1992).”
We agree with the holding of the trial court as presented in its judgment. The Welches did not reasonably rely on a misstatement of fact by Wachovia. Williams v. Bank of Oxford, 523 So.2d 367 (Ala.1988); Zickler v. Shultz, 603 So.2d 916, 918 (Ala.1992). If the Welches were indeed defrauded, the perpetrator of the fraud was not Wachovia.

Conclusion

Because venue as to the Welches was proper in Houston County and because the *875 Welches’ fraud counterclaims against Wa-chovia are without merit, the judgment of the trial court is affirmed.
AFFIRMED.
COBB, C.J., and SEE and SMITH, JJ., concur.
WOODALL, J., concurs in the result.

1. The name of the corporation is variously presented in the briefs as Barry's Foodmarts, • Inc., Barry's Food Mart, Inc., and Barry's Foodmart, Inc. The original complaint was filed against "Barry's Foodmarts, Inc.”; that is the name used for the corporation in this opinion.

. The action was initiated by SouthTrust Bank of Dothan, which, through a series of mergers, is now Wachovia Bank, N.A.