Charles Mason appeals from the trial court's granting of a motion in limine excluding certain evidence, and a subsequent final judgment in favor of the defendant-appellee Randall New, made final pursuant to Rule 54 (b), A.R.Civ.P. We reverse.
Charles Mason was injured in a collision between his motorcycle and a truck owned by Randall New and operated by New's wife, Sandra. Mason brought an action against Sandra New for negligence and wanton misconduct in the operation of the truck, and against Randall New for negligent entrustment of the truck to Sandra.
At the trial, the News made a motion in limine to exclude any evidence that Sandra had failed her driver's license examination and had no license at the time of the accident, or that Randall had any knowledge of the same. In response to the News' motion, Mason made an offer of proof, which included the testimony of Randall New. New stated he was aware that his wife had failed her written driver's license examination three times prior to the accident. New further testified he had customarily left the keys in the truck so that Sandra could drive it if she wished, although he was not aware she was using the truck on the day of the accident. Mason also introduced a letter from the Supervisor of Records for the Driver's License Division of the Department of Public Safety, stating that Sandra had failed her written examination on three occasions prior to the accident and once after the accident.
The trial court granted the motion in limine on the grounds that, at the time of the accident, it had been thirteen months since Sandra had last failed her examination *Page 856 
and there was no evidence she had had any accidents or received any tickets during that time. The court, after concluding that Mason lacked sufficient evidence of probative value to support a negligent entrustment action against Randall, entered a final judgment in favor of Randall pursuant to Rule 54 (b). It is this judgment, along with the granting of the motion in limine, from which Mason appeals. The negligence action against Sandra was continued.
The essential ingredients of a cause of action for negligent entrustment are: (1) an entrustment; (2) to an incompetent; (3) with knowledge that he is incompetent; (4) proximate cause; and (5) damages. Chiniche v. Smith, 374 So.2d 872 (Ala. 1979). The doctrine of negligent entrustment is founded on the primary negligence of the entrustor in supplying a motor vehicle to an incompetent driver, with manifestations of the incompetence of the driver as a basic requirement of a negligent entrustment action. Chiniche, supra; Cooter v. State Farm Fire CasualtyCo., 344 So.2d 496 (Ala. 1977). Mason contends that the evidence that Sandra had failed her driver's test three times and had no license at the time of the accident was probative of her incompetency and therefore should have been admitted. We agree.
This Court has held in negligence cases that the lack of a driver's license is not probative of a driver's negligent acts. Therefore, it is prejudicial error to admit such evidence in a negligence case. See Giles v. Gardner, 287 Ala. 166,249 So.2d 824 (1971). But, in a negligent entrustment action, negligence on the part of the driver is but one of the necessary elements.Keller v. Kiedinger, 389 So.2d 129 (Ala. 1980). Additionally, what has to be shown is the incompetence of the driver, i.e., that he is "likely because of his youth, inexperience, or otherwise, to use [a chattel] in a manner involving unreasonable risk of physical harm to himself and others." Quoting Restatment (Second) of Torts, § 390 (1965).
In this case, evidence of Sandra's lack of a driver's license and three-time failure of her driver's license test prior to the accident, although not conclusive, was probative of her possible inexperience and lack of skill, and, therefore, should have been admitted. The remoteness in time between Sandra's last failure of the test and the accident should go to the weight afforded the evidence, not its admissibility. Had the evidence of the failures been admitted at trial, instructions limiting its application to the negligent entrustment action would have been necessary to prevent prejudice against Sandra in the negligence suit. Furthermore, if the trial court found that limiting instructions were insufficient to cure the prejudicial effects of the evidence upon proper motion, it would be within the Court's discretion to order separate trials.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES and ADAMS, JJ., concur.
ALMON, J., concurs in the result.