KENNEDY, Justice.
Gerald and Diane Blackmon sued 18-year-old Christina Rice, alleging that she had negligently operated an automobile that collided with an automobile driven by Diane Blackmon. Gerald Blackmon’s claim was for loss of consortium and property damage to the automobile. Diane Black-mon’s claim was for damages arising from personal injuries as well as property damage. The Blackmons also sued Christina’s mother, Elizabeth Rice, alleging that she had negligently entrusted her automobile to Christina.[1]
Prior to the striking of the jury, the defendants moved to sever the negligence claim against Christina Rice from the negligent entrustment claim against Elizabeth Rice. The motion was denied.
*1071 At the conclusion of the trial, the jury returned a verdict in favor of the plaintiffs against Christina Rice for $67,838. However, the jury found for defendant Elizabeth Rice on the negligent entrustment claim.
Christina Rice appeals. We affirm.
At trial, evidence was introduced pertaining to Christina Rice’s driving record. It was offered and admitted for the purpose of supporting the plaintiffs’ negligent en-trustment count. Prior to its admission, the trial court gave the following instruction to the jury:
“Members of the jury, certain evidence in this particular case is being admitted for certain purposes. We have, in this state, what is known as a limited purpose doctrine. That is, certain evidence may be allowed in for one purpose but not for another purpose. There has been an objection to the first question and you will hear the question in just a moment and I am going to allow the question and answer to this particular question, as well as a series of questions contained after that to be allowed in for the purpose only for your consideration when you begin your final deliberations as to the issue of negligent entrustment, not as to the issue of negligence. And I want you to understand that the Plaintiffs have made a claim for both negligence on the part of the driver, Ms. Christina Rice, and further a claim of negligent entrustment against Mrs. Elizabeth Rice. The evidence which you are about to receive is only admissible for your consideration on the claim against Elizabeth Rice for negligent entrustment and I want you to understand that I will again instruct you when you begin your final deliberations that this is being admitted for a limited purpose and I will give you a further instruction. I will further define limited purpose evidence and I will further define negligence and negligent entrustment. The evidence that you are about to hear at this time will be for that limited purpose and you are only to consider that for that limited purpose and you are not to consider it in the claim that Plaintiffs have made against the Defendant Christina Rice. You may proceed.”
During the course of the trial, the plaintiffs’ attorney, over defense counsel’s objection, elicited testimony from Elizabeth Rice concerning her knowledge of traffic violations for which her daughter had been cited prior to the date of the collision involved in this ease. Again, prior to the admission of the testimony, the court instructed the jury as to the limited nature of that testimony.
Later, on cross-examination of Christina, plaintiffs’ counsel questioned her concerning a prior speeding violation. The trial court, after overruling the defendant’s objection, once again instructed the jury as to the purpose for the admission of such evidence.
Prior to the close of the trial, the judge charged the jury again as to the limited nature of the evidence offered relative to the prior driving record of the defendant, Christina Rice.
On appeal, Christina Rice argues that the trial court erred in its denial of her motion to sever the negligence claim from the negligent entrustment claim.
In a negligent entrustment action, evidence of the prior driving record of the automobile operator may be admissible to prove the essential elements of the cause of action. Bruck v. Jim Walter Corp., 470 So.2d 1141 (Ala.1985), Mason v. New, 475 So.2d 854 (Ala.1985).
We do not dispute that the admission of this evidence carried with it the potential for prejudice in the trial of the negligence count. Therefore, we must determine whether the trial court abused its discretion in denying the motion to sever. In Mason v. New, supra, the Court stated:
“Had the evidence of the [driver’s license test] failures been admitted at trial, instructions limiting its application to the negligent entrustment action would have been necessary to prevent prejudice against Sandra in the negligence suit. Furthermore, if the trial court found that limiting instructions were insufficient to cure the prejudicial effects of the evi *1072 dence upon proper motion, it would be within the court’s discretion to order separate trials.”
475 So.2d at 856.
Although the opinion in Mason indicates that the trial court did not allow into evidence the defendant’s driving record, the opinion clearly states that it is within the trial court’s discretion to order separate trials of the negligence claim and the negligent entrustment claim. Id. Furthermore, it is within the discretion of the trial court to determine whether curative instructions will eradicate any prejudicial effects of the evidence in case separate trials are not ordered. Id.
In the present case, prior to trial, during trial, and prior to jury deliberations, the trial court clearly and unambiguously warned the jury not to consider evidence of Christina Rice’s driving record when determining whether she was negligent on the occasion in issue. We do not agree with the defendant’s argument that the court’s instructions merely enhanced the magnitude of Christina’s driving record. Instead, the record reveals that the trial court was making a concerted effort to ensure that the jurors understood that the evidence could be considered only for a limited purpose. Accordingly, we hold that the trial court did not abuse its discretion by allowing evidence of defendant Christina’s driving record. Therefore, the judgment based on the jury’s verdict is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES and SHORES, JJ., concur.
HOUSTON, J., concurs specially.

. Christina and Elizabeth Rice filed a counterclaim against Gerald and Diane Blackmon, alleging that Diane Blackmon had negligently operated the automobile she was driving and that Gerald Blackmon had negligently entrusted the automobile to Diane. The Rice’s allegations were dismissed by the court after the first day of trial. The Rices do not appeal the dismissal of these counts.