ROBERTSON, Presiding Judge.
Deborah McCurdy (plaintiff) sued Mrs. Vernon Young (defendant) on the theory of negligent entrustment. The plaintiff contends that the defendant negligently entrusted a 1987 Buick automobile to her son, John Young, whom the plaintiff claims to be a known alcoholic, who operated the automobile in a reckless manner and caused a collision with the plaintiff’s automobile, which resulted in damages.
The only evidence presented to the jury was the testimony of the plaintiff. Subsequent to the plaintiff’s testimony, the de *372 fendant moved for a directed verdict, which was granted.
The plaintiff now appeals to this court, contending that the trial court erred in granting the defendant a directed verdict at the conclusion of the plaintiffs case.
The law in Alabama is well settled in this area. In order to recover in an action for negligent entrustment, the following elements must be present: (1) an entrustment, (2) to an incompetent, (3) with knowledge that he is incompetent, (4) proximate cause and, (5) damages. Mason v. New, 475 So.2d 854 (Ala.1985). Negligence on the part of the driver is -only one of the elements that must be shown. Mason. “The doctrine of negligent entrustment is founded on the primary negligence of the entrustor in supplying a motor vehicle to an incompetent driver, with manifestations of the incompetence of the driver as a basic requirement of a negligent entrustment action.” Mason at 856.
In the instant case, the plaintiff did not call the defendant, or the defendant’s son, to the stand to testify concerning how the son obtained the defendant’s car, nor did the plaintiff call to the stand the officer who investigated the accident to testify concerning the cause of the accident. Rather, the only evidence presented was the testimony of the plaintiff. It was her testimony that she was the owner of a 1978 Chevrolet automobile, which she believed that she paid $5,000 for in 1981. She stated that her son was involved in a collision with the son of the defendant, which resulted in damages to the plaintiff’s car in the amount of $1,820. The plaintiff testified that both the plaintiff’s son and the defendant’s son were arrested at the scene of the accident. The plaintiff also testified that she talked with the defendant early on the morning following the accident, and that the defendant insinuated that the defendant had given her son permission to use the defendant’s car.
In view of the above, we find that the plaintiff simply failed to prove the elements of a negligent entrustment action; therefore, we find that the trial court did not err in granting the defendant a directed verdict at the close of the plaintiff’s case. This case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.