L. CHARLES WRIGHT, Retired Appellate Judge.
Alfred Searcy filed a complaint against Johnny Jackson and Sharon Sutton, seeking compensation for damages sustained in an automobile accident. Following oral proceedings, the trial court found in favor of Searcy and assessed damages against Jackson and Sutton. Only Jackson appeals.
The record reflects that on October 27, 1991, Jackson drove Sutton and Sutton’s cousin to a party in his vehicle. Once they reached the party, Jackson gave his keys to Sutton to keep in her purse. After drinking alcoholic beverages, Jackson either “fell asleep” or “passed out.” Sutton and her cousin assisted Jackson to his vehicle and placed him in the front passenger seat. Sutton proceeded to drive Jackson and her cousin home. She did not have a driver’s license, and she had consumed alcoholic beverages at the party.
While en route, the automobile accident at issue occurred. Subsequent to the accident, Sutton received a Driving Under the Influence citation.
In his complaint Searcy alleged that Sutton was “an agent, servant or employee” of Jackson and that “while acting within the line and scope of [her] employment,” she negligently or wantonly caused the collision. Jackson answered and counterclaimed. He denied that Sutton was his agent, employee, or servant. He alleged that Searcy’s negligence caused the accident.
In finding for Searcy, the trial court found the following:
“The Court finds from the testimony that the Defendant, Sutton, was intoxicated at the time of this accident and ran a red light. The Court further finds that she was the agent of Defendant, Jackson, since he had entrusted her with the keys to the automobile and she was driving him home at the time of the collision.”
It is not clear from the court’s order whether the court found against Jackson under a theory of agency or under a theory of *889 negligent entrustment. We find it necessary, therefore, to address both theories.
For an agency relationship to exist, there must be a right of control by the principal over the agent. Bay Shore Properties, Inc. v. Drew Corp., 565 So.2d 32 (Ala.1990). The right of control need not be exercised, so long as the right actually exists. Bay Shore Properties. Furthermore, there must be a meeting of the minds of both the parties as to the scope of the agent’s employment. Bay Shore Properties.
The essential ingredients of a cause of action for negligent entrustment are: (1) an entrustment of the vehicle; (2) to an incompetent; (3) with knowledge that he is incompetent; (4) negligent or wanton use of the entrusted vehicle which proximately caused the plaintiffs damages; and (5) damages. Mason v. New, 475 So.2d 854 (Ala.1985). “The doctrine of negligent entrustment is founded on the primary negligence of the entrustor in supplying a motor vehicle to an incompetent driver, with manifestations of the incompetence of the driver as a basic requirement of a negligent entrustment action.” Mason.
The burden of proving agency or negligent entrustment rests with the party asserting the theory. Danford v. Arnold, 582 So.2d 545 (Ala.1991) (agency); McCurdy v. Young, 587 So.2d 371 (Ala.Civ.App.1991) (negligent entrustment). From our review of the record, we find that Searcy failed to meet his burden.
The evidence concerning Sutton’s use of Jackson’s vehicle on the date in question is undisputed. Jackson testified that Sutton did not have his permission to drive the vehicle and that he gave her his keys only for her to hold for him. There was testimony that he was unconscious and unaware that Sutton was driving. Sutton had never driven the vehicle before. Sutton testified that she was just a friend of Jackson and that she was not his agent, servant, or employee. She stated that she did not have Jackson’s permission to drive the vehicle.
There was no evidence establishing that Jackson exercised any control over Sutton or that he entrusted his vehicle to her. The court erred in finding otherwise.
The judgment of the trial court is reversed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.