RICHARD L. HOLMES, Retired Appellate Judge.
Rhonda Davis filed a complaint against Jimmy Truss and Celadon Trucking Service (Celadon). In her complaint Davis alleged that she was injured in an automobile accident on or about May 28, 1991, and that the accident and the resulting injuries were due to Truss’s negligent and/or wanton operation of his tractor/trailer and to Celadon’s negligent entrustment of the tractor/trailer. Ce-ladon was Truss’s employer at the time of the accident.
The case was tried before a jury, and the jury returned a verdict in favor of Davis in the amount of $50,000. The trial court entered a judgment on the verdict.
Truss and Celadon appeal.
*778 On appeal, Truss and Celadon contend that the trial court abused its discretion when it declined to conduct separate trials on the issues of negligent operation of the motor vehicle and negligent entrustment. Truss and Celadon allege that the introduction of Truss’s driving record had a prejudicial effect on the entire proceeding. They further allege that the negligence claim should have been tried first, without the introduction of the prejudicial evidence, and then the negligent entrustment claim could have been tried if the jury returned a verdict in favor of Davis on the negligence claim. Truss and Celadon contend that manifest injustice resulted because of the trial court’s refusal to order separate trials.
Our supreme court has previously dealt with this issue in Rice v. Blackmon, 559 So.2d 1070 (Ala.1990). In Rice, our supreme court indicated that the trial court is accorded broad discretion not only when determining whether to order separate trials on the claims of negligence and negligent entrustment, but also when determining whether curative instructions will remedy any prejudicial effect if separate trials are not ordered.
In the present case the trial court gave a limiting instruction to the jury when the evidence of Truss’s driving record was introduced. We would note that the trial court used the language in Rice to word its limiting instruction. Additionally, as in Rice, the trial court included a “limited purpose” instruction in its jury charge in an effort to ensure that the jury understood that evidence of Truss’s driving record was to be considered for a limited purpose only.
In light of the above, we cannot find that the trial court abused its discretion when it declined to order separate trials on the issues of negligence and negligent entrustment.
In a second issue, Truss and Celadon contend that a verdict for Davis was improper because, they say, it was against the great weight of the evidence.
It is well settled that jury verdicts are presumed to be correct. Ashbee v. Brock, 510 So.2d 214 (Ala.1987). On appeal, the reviewing court must view the evidence in a light most favorable to the prevailing party and must consider inferences that the jury might have derived from the evidence. Ashbee, 510 So.2d 214.
In the present case the automobile in which Davis was an unrestrained passenger was involved in two collisions. The first collision was between the Davis automobile and a Nissan pickup truck. The second collision was between the Davis automobile and the tractor-trailer being driven by Truss. Truss and Celadon contend that the overwhelming evidence indicated that Davis’s injuries resulted from the first impact, not the second impact.
Our review of the record reveals that the testimony of expert witnesses differed as to whether any of Davis’s injuries resulted from the impact with the tractor/trailer.
Both of the experts retained by Truss and Celadon testified that all of Davis’s injuries resulted from the first impact, even though the impact with the tractor-trailer caused a 26-inch indention into the right side of the Davis automobile, as well as interior damage, including pushing the seat inward and forward.
An expert retained by Davis testified that the type of injuries sustained by Davis would be consistent with the violent impact which occurred between the Davis automobile and the tractor/trailer.
In light of the above, we do not find that the jury verdict was against the great weight of the evidence.
The judgment of the trial court is due to be affirmed.
Davis’s request for just damages and costs, pursuant to Rule 38, Ala.R.App.Proc., is denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.