BRYAN, Judge.
Fleetwood Trucking Company, Inc. (“Fleetwood”), employed Russell Lynn Young as a commercial truck driver. Young was driving a dump track owned by Fleetwood when he was involved in an accident with an automobile being driven by Carrie Michelle Hetzel. Hetzel later sued Young and Fleetwood, alleging various claims arising from the automobile accident. Against Fleetwood, Hetzel alleged that “Fleetwood negligently and/or wantonly hired, trained, and/or supervised” Young; that “Fleetwood negligently and/or wantonly entrusted the motor vehicle” to Young; and that “Fleetwood is ... vicariously liable ... for the negligent and/or wanton conduct of ... Young.” Against Young, Hetzel alleged that Young “negligently and/or wantonly operated” the vehicle involved in the accident.
Fleetwood moved for a partial summary judgment with respect to Hetzel’s negligent-entrustment claim only. One of the elements of a negligent-entrustment claim involving the entrastment of an automobile to a driver is the incompetence of the driver. Mason v. New, 475 So.2d 854, 856 (Ala.1985). In moving for a partial summary judgment, Fleetwood argued that the evidence indicated that Young was a competent driver at the time of the accident and, thus, that Fleetwood had not negligently entrusted its vehicle to Young. On August 9, 2011, the trial court entered a partial summary judgment on the negligent-entrustment claim only, and the trial coui’t certified that judgment as final, pursuant to Rule 54(b), Ala. R. Civ. P.[1] Hetzel appealed to the supreme court, and the supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
In alleging that Fleetwood “negligently and/or wantonly entrusted” the vehicle to Young, Hetzel alleged that Fleet-wood was negligent or wanton, or both, in entrusting the vehicle. See Bryan A. Garner, A Dictionary of Modern Legal Usage 56 (2d ed.1995) (discussing the definition of *182 the term “and/or”). Fleetwood moved for a summary judgment with respect to only the negligent-entrustment claim; Fleet-wood did not address the wanton-entrustment claim. The issue on which the trial court entered a summary judgment on the negligent-entrustment claim — the competency of Young as a driver — is also an issue in the wanton-entrustment claim. See Bruck v. Jim Walter Corp., 470 So.2d 1141, 1144 (Ala.1985) (indicating that a driver’s incompetency is an element of wanton entrustment).
Because the competency issue is crucial to both the negligent-entrustment claim and the wanton-entrustment claim, we conclude that the Rule 54(b) certification was not appropriate. As our supreme court recently stated:
“ ‘This Court looks with some disfavor upon certifications under Rule 54(b).
“ ‘ “It bears repeating, here, that ‘ “[ejertifications under Rule 54(b) should be entered only in exceptional cases and should not be entered routinely.” ’ State v. Lawhorn, 830 So.2d 720, 725 (Ala.2002) (quoting Baker v. Bennett, 644 So.2d 901, 903 (Ala.1994), citing in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373 (Ala.1987)). ‘ “ ‘Appellate review in a piecemeal fashion is not favored.’ ” ’ Goldome Credit Corp. [v. Player, 869 So.2d 1146, 1148 (Ala.Civ.App.2003)] (quoting Harper Sales Co. v. Brown, Stagner, Richardson, Inc., 742 So.2d 190, 192 (Ala.Civ.App.1999), quoting in turn Brown v. Whitaker Contracting Corp., 681 So.2d 226, 229 (Ala.Civ. App.1996)) (emphasis added).”
“ ‘Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 363 (Ala.2004).’
“In considering whether a trial court has exceeded its discretion in determining that there is no just reason for delay in entering a judgment, this Court has considered whether ‘the issues in the claim being certified and a claim that will remain pending in the trial court “‘are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.’ ” ’ Schlarb [v. Lee,] 955 So.2d [418,] 419-20 [ (Ala.2006) ] (quoting Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp., 834 So.2d 88, 95 (Ala.2002), quoting in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987), and concluding that conversion and fraud claims were too intertwined with a pending breach-of-contract claim for Rule 54(b) certification when the propositions on which the appellant relied to support the claims were identical). See also Centennial Assocs. [v. Guthrie,] 20 So.3d [1277,] 1281 [ (Ala. 2009) ] (concluding that claims against an attorney certified as final under Rule 54(b) were too closely intertwined with pending claims against other defendants when the pending claims required ‘resolution of the same issue’ as issue pending on appeal); and Howard v. Allstate Ins. Co., 9 So.3d 1213, 1215 (Ala.2008) (concluding that the judgments on the claims against certain of the defendants had been improperly certified as final under Rule 54(b) because the pending claims against the remaining defendants depended upon the resolution of common issues).”
Lighting Fair, Inc. v. Rosenberg, 63 So.3d 1256, 1263-64 (Ala.2010).
Moreover, the claims alleging that “Fleetwood negligently and/or wantonly hired, trained, and/or supervised” Young also preclude proper Rule 54(b) certification. Those claims, like the negligent-en-trustment claim, all depend in part on Young’s incompetency as a driver. See Jones Exp., Inc. v. Jackson, 86 So.3d 298, 305 (Ala.2010) (“[I]mplicit in the tort of *183 negligent hiring, retention, training, and supervision is the concept that, as a consequence of the employee’s incompetence, the employee committed some sort of act, wrongdoing, or tort that caused the plaintiff’s injury.”).
Accordingly, we conclude that the trial court exceeded its discretion in certifying its partial summary judgment on the negligent-entrustment claim as final under Rule 54(b). Because there is no final judgment, we must dismiss the appeal. Lighting Fair.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Rule 54(b) provides, in pertinent part:
“When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination. that there is no just reason for delay and upon an express direction for the entry of judgment.”