277 So.2d 893

**Douglas BROWN**

v.

**VANITY FAIR MILLS, INC.,**
a corporation.

**SC 189.**

Supreme Court of Alabama.

May 10, 1973.

Hare & Hare, Monroeville, for appellee.

William D. Melton, Evergreen, for appellant.

MADDOX, Justice.

Douglas Brown, in a one-count complaint, which the Reporter of Decisions will set out in full, charged that one of

Vanity Fair's employees, Herman Melton, came to the cabinet shop where he was working and hit him in the head with a hammer, severely injuring him. Brown contends Vanity Fair is responsible, as we understand his contention, on the ground that Vanity Fair knew Melton had "dangerous proclivities," and that Vanity Fair was negligent in employing and retaining Melton and entrusting the hammer to him.

Vanity Fair's demurrer to the complaint was sustained. Plaintiff Brown took a non-suit and appealed from the judgment of non-suit. We affirm.

Brown frames the issue presented as follows:

> "The only real question is whether or not an employer can be liable for a personal assault by an employee upon another if such employer has failed to exercise due care to avoid the selection or retention of such an employee. In this case, did Vanity Fair breach a duty owed to Douglas Brown?"

Construing the allegations of the complaint most strongly against the pleader, in ruling on the demurrer, as the lower court was required to do under our present rules of pleading,[1] the court was correct in ruling that the allegations fail to state a cause of action.

The appellant apparently seeks to fasten liability on Vanity Fair on the theory that Vanity Fair was negligent in the selection and retention of the employee committing the assault. While it has been held that an employer has a duty to exercise reasonable care for the safety of his customers, patrons, or other invitees, and in fulfilling this duty he must use due care to avoid the selection or retention of an employee whom he knows or should know is a person unworthy, by habits, temperament, or nature, to deal with the persons invited to the premises by the employer,[2] we do not think that rule is applicable here. In fact, we do not believe plaintiff below proceeded on this theory. The complaint does not allege that the servant was acting within the line and scope of his employment at the time of the assault nor that the servant was in any way furthering the master's business at the time and place of the assault. Therefore, we assume that plaintiff does not seek to recover on the principal-agent or employer-employee relationship.

■ Appellant argues that he stated a cause of action, since he alleged that Vanity Fair hired and retained Melton as a repairman and that Melton was known to have "dangerous proclivities," and that Vanity Fair entrusted Melton with a hammer and "allowed" him to "be upon the public streets and places in Monroeville, Alabama in possession of . . . tools, at will." In short, appellant says that if Vanity Fair had "properly investigated this particular employee, the employee would not have been entrusted or put in a position, with the tools to create damage." Of course, there are times when the entrustment of a dangerous instrumentality to a known incompetent can be actionable. Negligent entrustment is defined in Restatement (Second) of Torts § 390, as follows:

> "One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and

---

1. Rule 8 of the Alabama Rules of Civil Procedure which become effective July 3, 1973, changes the long-standing doctrine in Alabama of construing the pleadings strictly against the pleader when ruling on demurrers. Cf. Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443 (1932). The goal of Rule 8 is to construe the pleadings so as to do substantial justice. See Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

2. See Annotation, Assault by Servant, 34 A.L.R.2d 372, 390.

others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them."

The elements of negligent entrustment have been listed as follows:

"(1) Proof that the entrustee was incompetent, inexperienced or reckless; (2) that the entrustor 'knew or had reason to know' of the entrustee's condition of proclivities; (3) that there was an entrustment of the chattel; (4) that the entrustment created an appreciable risk of harm to the plaintiff and a relational duty on the part of the defendant; (5) that the harm to the plaintiff was 'proximately' or 'legally' caused by the negligence of the defendant."

See Collins v. Arkansas Cement Co., 453 F.2d 512 (8th Cir. 1972); Woods, Negligent Entrustment: Evaluation of a Frequently Overlooked Source of Additional Liability, 20 Ark.L.Rev. & B. Ass'n J. 101 (1966).

Most of the negligent entrustment cases involve automobiles, but the all-embracing term "chattels" used in the Restatement is not restricted to automobiles.

We are aware that some jurisdictions have held that an "employer" can be held liable for the actions of his "agent" or "independent contractor" on the theory that the employer knew or should have known of the vicious propensities of the "agent" or "independent contractor." See Bennett v. T & F Distributing Co., 117 N.J.Super. 439, 285 A.2d 59 (1971). Alabama courts have not ruled on the question as far as we can determine.

Because of the conflicting interests to be considered (the protection of innocent third persons as opposed to the possibility that employers would not hire those with a bad past), we await a proper case for the adoption of a proper rule in such instances. Suffice it to say that the allegations in this complaint fail to state a cause of action under a most liberal interpretation of the negligent entrustment doctrine, and the trial court did not err in sustaining the demurrer to the complaint. The judgment of non-suit is due to be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and FAULKNER, JJ., concur.