Plaintiffs, Diane Wilbanks, parent and guardian of Larry Wilbanks, and Larry Wilbanks, a minor, appeal from a summary judgment granted in favor of defendants Jody Brazil, a minor, and Marsha Brazil, parent and guardian of Jody Brazil. This appeal is brought on the amended complaint, alleging negligent entrustment, against the defendant, Marsha Brazil.
The facts are as follows: On May 13, 1981, Jody and a friend, Larry Wilbanks, were playing with Marsha Brazil's golf clubs when Marsha left her home to pick up her older child at swim practice. After Mrs. Brazil left, Jody Brazil accidentally struck Larry Wilbanks with an iron club, the blow fracturing the skull, with the toe of the club, entering the brain cavity. According to testimony, Jody had told Larry to "stand back." Jody was hitting balls when Larry either stepped into the club or was standing too close and was hit by the golf club and injured.
The case progressed as follows: On July 9, 1981, Diane Wilbanks, as parent and guardian of Larry Wilbanks, and Larry Wilbanks, a minor, filed a complaint against Marsha Brazil, parent and guardian of Jody Brazil, and Jody Brazil, a minor, alleging damages for negligence in the injury of Larry Wilbanks. On July 16, 1981, the Brazils filed an answer alleging the general issue, contributory negligence, and assumption of risk. On July 21, 1981, the Brazils filed a motion for summary judgment, requesting the lower court to dismiss the action on the ground that the Brazils were entitled to judgment as a matter of law based on the pleadings and Marsha Brazil's affidavit.
On February 1, 1982, Wilbanks filed an amendment to the complaint by adding Count II alleging that Marsha Brazil negligently entrusted golf clubs to her minor son Jody. Wilbanks also filed the affidavit of Alex Sloan, an expert in golf, on February 6, 1982, and filed the deposition of Marsha Brazil on March 5, 1982, in opposition to the motion for summary judgment. On May 3, 1982, the trial court granted the motion for summary judgment. We affirm.
The issue raised on appeal is whether there is a cause of action based on the negligent entrustment of a golf club.
In Brown v. Vanity Fair Mills, Inc., 291 Ala. 80, 82,277 So.2d 893 (1973), this Court stated:
 "Negligent Entrustment is defined in Restatement (Second) of Torts § 390, as follows:
 "One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them."
 "The elements of negligent entrustment have been listed as follows: *Page 1125 
 "(1) Proof that the entrustee was incompetent, inexperienced or reckless; (2) that the entrustor `knew or had reason to know' of the entrustee's condition or proclivities; (3) that there was an entrustment of the chattel; (4) that the entrustment created an appreciable risk of harm to the plaintiff and a relational duty on the part of the defendant; (5) that the harm to the plaintiff was `proximately' or `legally' caused by the negligence of the defendant." See Collins v. Arkansas Cement Co., 453 F.2d 512 (8th Cir. 1972); Woods, Negligent Entrustment: Evaluation of a Frequently Overlooked Source of Additional Liability, 20 Ark.L.Rev. B. Ass'n J. 101 (1966).
This Court then stated: "Most of the negligent entrustment cases involve automobiles, but the all-embracing term `chattels' used in the Restatement is not restricted to automobiles."
Quoting the above passage, Wilbanks argues that the term "chattel" should be interpreted to include a golf club. This Court finds, however, that all cases arising under the negligent entrustment doctrine have involved entrustment of vehicles, boats, firearms, or explosives, except the case ofBrown v. Vanity Fair Mills, Inc., supra, which is relied on by Wilbanks. This Court stated in Brown that the issue was whether or not the defendant was negligent in retaining or employing an employee who had violent propensities and who struck the plaintiff with a hammer. We discussed the negligent entrustment doctrine but stated that the demurrer was properly granted to the complaint and that the plaintiff had not stated a cause of action. We did not hold that there was negligent entrustment of a hammer.
In this case, an eight-year-old boy is playing with golf clubs. We opine that it is not negligent to entrust golf clubs to an eight-year-old boy. Golf clubs are items used in playing sports. If it is found to be negligent to entrust golf clubs to an ordinary eight-year-old, then parents would have to keep the golf clubs and similar sports equipment such as baseball bats, tennis rackets, and hockey sticks under lock and key and never allow a child to play with them except when he or she is under some sort of expert supervision.
This Court finds that one does not know or have reason to know that an ordinary eight-year-old will likely use a golf club in a manner involving unreasonable risk of harm to others. (See the elements of negligent entrustment stated in Brown v.Vanity Fair Mills, Inc., supra.) Thus, we find that summary judgment was properly granted in this cause.
AFFIRMED.
JONES, ALMON, SHORES and EMBRY, JJ., concur. *Page 1363