Rodney Dunaway filed this action against William D. King and his wife Jo Ann King for the negligent entrustment of a handgun and automobile to their son, Christopher King ("Chris"). The trial court granted summary judgment in favor of Mr. and Mrs. King. This judgment was made final pursuant to Rule 54(b), Ala.R.Civ.P. Dunaway appeals as to William D. King. We affirm.
On Thanksgiving night of 1984 at approximately 11:00 p.m., Chris, after having been at a nightclub with a friend for several hours, went to his home and obtained his father's truck. Mr. King was asleep at the time. Chris and his friend drove to another nightclub, where an altercation occurred between Chris and Dwight Reeves. Reeves and the plaintiff Dunaway left the nightclub and were followed by Chris and his friend, who were in Mr. King's truck. Chris, using a handgun that had been placed in the truck for a hunting trip earlier that day, fired several shots into Dunaway's vehicle. One bullet struck and killed Reeves. Dunaway was not struck. Chris was convicted of murder and sentenced to 20 years in prison.
Dunaway filed this action against Chris, Mr. and Mrs. King, and the two nightclubs at which Chris had been before the shooting, seeking damages for personal injury, emotional distress, and property damage. The only matter before this Court involves Dunaway's action against Mr. King for negligently entrusting the handgun and truck to his son Chris. The following appears in the trial court's order granting summary judgment:
 "In arriving at the Orders entered above, the Court only considered legitimate admissible evidence. There were Exhibits 1-16 inclusive attached to the brief of the plaintiff [Dunaway]. The Court did not consider or take into account Exhibits No. 1, 2 and 12 in arriving at its decision."
Exhibit No. 1 is a document entitled "Arraignment, Judgment Entry and Sentence Hearing," prepared in connection with Chris King's murder trial; Exhibit No. 2 is the Birmingham Police "incident report"; Exhibit No. 12 is a document entitled "Pre-Sentence Report," prepared by the Alabama Board of Pardons and Paroles.
Dunaway contends that the trial court erred in not considering these exhibits, arguing that Exhibits 2 and 12 were admissible under the business records exception to the hearsay rule, and that Exhibit No. 1 was relevant and that the trial court should have taken judicial notice of that document.
Evidence offered in response to a motion for summary judgment, in the form of affidavits or otherwise, must present facts which would be admissible at trial. Whatley v. CardinalPest Control, 388 So.2d 529 (Ala. 1980).
 "To prevent summary judgment, after the movant has prima facie shown himself to be entitled to judgment as a matter of law, the opposing party must show by admissible evidence that a genuine *Page 545 
issue of material fact exists which requires resolution by a factfinder. Alabama Rules of Civil Procedure, Rule 56(e). It is not enough that the opposing party merely disputes or refutes an immaterial fact, nor is it enough that evidence which is inadmissible under the normal rules of evidence is advanced to contravene that of the movant. Real Coal, Inc. v. Thompson Tractor Co., 379 So.2d 1249 (Ala. 1980); Morris v. Morris, 366 So.2d 676 (Ala. 1978); Federal Land Bank of New Orleans v. Terra Resources, Inc., 373 So.2d 314
(Ala. 1979)."
Horner v. First National Bank of Mobile, 473 So.2d 1025
(Ala. 1985).
While Rule 56, Ala.R.Civ.P., permits evidence in the form of depositions, answers to interrogatories, admissions on file, and affidavits to be submitted in support of, or in opposition to, a summary judgment motion, that evidence must, nevertheless, conform to the requirements of Rule 56(e) and beadmissible at trial. Welch v. Houston County Hosp. Bd.,502 So.2d 340 (Ala. 1987).
The trial court's refusal to consider Chris King's murder conviction, which was referred to in the document entitled "Arraignment, Judgment Entry and Sentence Hearing" (Exhibit No. 1), did not constitute reversible error.
The fact that Chris was convicted of murder is not in dispute. King concedes that Chris was convicted of murdering Dwight Reeves and was sentenced to 20 years in prison. Moreover, Chris admitted his conviction in his deposition. Chris's conviction, although not in dispute, has absolutely no relevance to the issue of negligent entrustment. What occurred on Thanksgiving night of 1984 is completely irrelevant as to Mr. King's knowledge of his son's alleged "violent propensities" before that date. The trial court properly excluded that document on the grounds of relevance.
We have many times held that a police incident report (Exhibit No. 2) is not admissible evidence. Plenkers v.Chappelle, 420 So.2d 41 (Ala. 1982); Worsham v. Fletcher,454 So.2d 946 (Ala. 1984); C. Gamble, McElroy's Alabama Evidence, § 254.01(8) (3d ed. 1977). The police incident report contained the hearsay statements of Rodney Dunaway regarding the circumstances surrounding Dwight Reeves's death, and did not contain the personal observations of the investigating officer. Therefore, the trial court properly excluded this report.
The pre-sentence report (Exhibit No. 12) is not admissible under the business records exception to the hearsay rule, because no predicate was laid for its admission as a business record. Dunaway attached the pre-sentence report as an exhibit to his brief in opposition to King's motion for summary judgment. For a report such as this to be admissible, the proponent of the report must show that it was made in the regular course of business and that it was the regular course of business to make such a report at the time of the event noted or within a reasonable time thereafter. Rule 44(h), Ala.R.Civ.P. This exhibit was not sufficiently authenticated as a business record.
The essential ingredients of a cause of action for negligent entrustment are: (1) an entrustment; (2) to an incompetent; (3) with knowledge that he is incompetent; (4) proximate cause; and (5) damages. Mason v. New, 475 So.2d 854, 856 (Ala. 1985);Cooter v. State Farm Fire Casualty Co., 344 So.2d 496, 498
(Ala. 1977). This Court has recognized that a cause of action for negligent entrustment is not restricted to automobiles, but may include the entrustment of vehicles, boats, firearms, or explosives. Wilbanks v. Brazil, 425 So.2d 1123, 1125
(Ala. 1983); Brown v. Vanity Fair Mills, Inc., 291 Ala. 80,277 So.2d 893 (1973). The elements of a cause of action for negligent entrustment of an automobile and negligent entrustment of a firearm, therefore, are the same.
It is the primary negligence of the entrustor in providing a motor vehicle or other dangerous instrumentality to an incompetent person which forms the basis of this cause of action. It is therefore essential that the plaintiff prove that the entrustee *Page 546 
was incompetent; i.e., that he is "likely because of his youth, inexperience, or otherwise to use [a chattel] in a manner involving unreasonable risk of physical harm to himself and others." Mason, supra. Not only must the plaintiff prove that the entrustee was incompetent, but the plaintiff must also establish that the defendant knew, or by the exercise of reasonable care, would have known that the entrustee was incompetent. Cooter, supra.
Dunaway failed to prove by admissible evidence that defendant Chris King was incompetent to operate an automobile. There is simply no evidence, admissible or otherwise, through deposition or affidavit that Chris King was incompetent to operate an automobile. Likewise, there is no evidence that he was incompetent to handle a firearm. To the contrary, the only admissible evidence as to Chris's qualifications to handle a gun established that he had been well trained in the use of firearms, was qualified to use firearms, had a permit to carry a pistol because of his work as a security officer, and, prior to this incident, had always used firearms in a professional and safe manner. Further, the deposition testimony of Chris and his parents established that Mr. and Mrs. King were not home when Chris left to go out for the evening. When he returned home and obtained the truck, Mr. and Mrs. King were asleep.
Not only did the plaintiff fail to establish that Chris King was incompetent to operate a vehicle or a handgun, there was no competent evidence that his father had knowledge of such alleged incompetence. The only evidence offered by the plaintiff in support of this requirement was the pre-sentence report. As previously discussed, this report contained hearsay and was clearly inadmissible to defeat King's motion for summary judgment.
Dunaway attempts to imply that William King knew or should have known of his son's alleged "violent propensities." However, Mr. King's deposition reveals that he was aware of only one altercation in which Chris was involved prior to his present offense. Mr. King testified that a gun was not involved in that incident and that Chris was not driving a vehicle at the time. It was his understanding from discussing this incident with other people present that "the other man jumped on Chris first." His knowledge of this one incident which did not involve a gun or a vehicle surely does not constitute knowledge of "violent propensities" exhibited by Chris so as to impose liability upon him for negligent entrustment of a handgun or a vehicle to his 20-year-old son.
Mr. King supported his motion for summary judgment with affidavits and made a prima facie showing that he was entitled to a judgment as a matter of law. The burden then shifted to Dunaway to show through admissible evidence that a genuine issue of material fact existed. This he did not do. Dunaway cannot rely upon the allegations contained in his pleadings or upon inadmissible evidence to defeat a motion for summary judgment. Since Dunaway failed to present competent evidence to contradict that presented by the moving party, the trial court was left with no alternative but to consider that evidence uncontroverted. For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
JONES, BEATTY and STEAGALL, JJ., concur.
MADDOX, J., concurs in the result.