HOUSTON, Justicev
The plaintiffs, James Edward Doran, Alesia Lake, and Suzanne Nelson, appeal from a summary judgment granted in favor of the defendants, William Watson, Larry Green, Johnny Coker, and the City of Decatur, in this action to recover damages for personal injury. We affirm.
This action arose out of a collision between a vehicle occupied by the plaintiffs and one occupied by Toney Dean Lindsey at an intersection in the City of Decatur. At the time of the collision, Lindsey was attempting to elude Watson, Green, and Coker, police officers employed by the City of Decatur. The circumstances surrounding the collision are set out in affidavits of Officers Watson, Green, and Coker that were filed in support of the defendants’ motion for summary judgment. In his affidavit, Officer Watson, in pertinent part, stated:
“I am presently employed by the City of Decatur as a police officer and was so employed on October 27, 1984. I have attended the Police Academy, where I was trained in the proper method of operating a police vehicle in pursuit of a fleeing vehicle. I have served as a police officer for 10 years and am familiar with the procedure of pursuing a fleeing vehicle in a manner that does not unreasonably endanger the safety of others.
“On October 27, 1984, at approximately 3:09 a.m., Officer Larry Green and I were advised that the Madison Police Department was in pursuit of an Oldsmobile Cutlass. We went to the entrance to the Day Park located on Hwy. 31 North and waited until we saw the Madison Police Department car’s blue lights approaching. We pulled onto Hwy. 31 and proceeded south towards the river bridge. We attempted to set up a rolling road block on the bridge, but the Cutlass was able to maneuver around our vehicle. After the Cutlass passed us, it proceeded south on Hwy. 31 at a high rate of speed. We then began pursuit of the Oldsmobile Cutlass on Hwy. 31 south. Our vehicle was passed by the Madison Police Department vehicle near the intersection of Hwy. 31 and Lee Street, at which time we fell in behind their vehicle. We kept the Oldsmobile Cutlass in sight at a distance of several blocks until the Oldsmobile Cutlass ran a red light at 6th Avenue and Fourteenth Street, S.E., where it struck a Chevrolet Camaro. x
“On said occasion, I was a passenger in a vehicle which was operated by Officer Larry Green. At all times on said occasion, our police unit was operated in a safe and reasonable manner with due regard for the safety of all persons. Our police unit was equipped with a siren and blue lights. From the time we first saw the Oldsmobile Cutlass until the time of the accident, our blue lights and siren were operating. All of the equipment on our police unit, including the blue lights and siren, was operating properly. The Oldsmobile Cutlass automobile was pursued by our vehicle for traffic violations committed within the City of Decatur Police jurisdiction.”
*815 The pertinent part of Officer Green’s affidavit reads as follows:
“I am presently employed by the City of Decatur as a police officer and was so employed on October 27, 1984. Prior to my employment with the Decatur Police Department, I attended the Police Academy, where I was trained in the proper method of operating a police vehicle in pursuit of a fleeing vehicle. I have served as a police officer for 6 years and am familiar with the procedure of pursuing a fleeing vehicle in a manner that does not unreasonably endanger the safety of others.
“On October 27, 1984, at approximately 3:09 a.m., Officer William Watson and I were advised that the Madison Police Department was in pursuit of an Oldsmobile Cutlass. We went to the entrance to the Day park located on Hwy. 31 North and waited until we saw the Madison Police Department car’s blue lights approaching. We pulled onto Hwy. 31 and proceeded south towards the river bridge. We attempted to set up a rolling road block on the bridge, but the Cutlass was able to maneuver around our vehicle. After the Cutlass passed us, it proceeded south on Hwy. 31 at a high rate of speed. We then began pursuit of the Oldsmobile Cutlass on Hwy. 31 south. Our vehicle was passed by the Madison Police Department vehicle near the intersection of Hwy. 31 and Lee Street, at which time we fell in behind their vehicle. We kept the Oldsmobile Cutlass in sight at a distance of several blocks until the Oldsmobile Cutlass ran a red light at 6th Avenue and Fourteenth Street, S.E., where it struck a Chevrolet Camaro.
“At all times on the occasion made the basis of plaintiffs’ complaint, I operated the police car in a safe and reasonable manner with due regard for the safety of all persons. Our police unit was equipped with a siren and blue lights. From the time we first saw the Oldsmobile Cutlass until the time of the accident, our blue lights and siren were operating. All of the equipment on our police unit, including the blue lights and siren, was operating properly. The Oldsmobile Cutlass automobile was pursued by our vehicle for traffic violations committed within the City of Decatur Police jurisdiction.”
In his affidavit, Officer Coker, in pertinent part, stated:
“I am presently employed by the City of Decatur as a police officer and was so employed on October 27, 1984. I have attended the Police Academy, where I was trained in the proper method of operating a police vehicle in pursuit of a fleeing vehicle. I have served as a police officer for 8 years and am familiar with the procedure of pursuing a fleeing vehicle in a manner that does not unreasonably endanger the safety of others.
“On the morning of October 27,1984,1 was notified that the Madison Police Department was in pursuit of a vehicle which was traveling west on Hwy. 20 towards the City of Decatur. I was informed that the pursued vehicle was traveling at a high rate of speed. I was northbound on U.S. Hwy. 31 approaching Lee Street when I observed a maroon Oldsmobile traveling south on Hwy. 31 at a high rate of speed. This maroon Oldsmobile was being pursued by vehicles from the Madison Police Department, Decatur Police Department and the Huntsville — Madison County Airport Police Department. At said time on said occasion, all of said vehicles were operating with blue lights and sirens. I did not actively pursue said Oldsmobile Cutlass but fell in behind the other vehicles at a distance of four to five blocks. The Oldsmobile Cutlass was being pursued by the Decatur Police Department vehicles for traffic violations committed within the City of Decatur Police jurisdiction.
“At said time and on said occasion, there was very little traffic on Hwy. 31 and the surrounding area. At all times on the occasion made the basis of the plaintiffs’ complaint, I operated my car in a safe and reasonable manner with due regard for the safety of all persons.”
*816 The plaintiffs alleged in their complaint that Officers Watson, Green, and Coker, in their individual capacities and in their capacities as employees of the City of Decatur, negligently pursued Lindsey, causing him to collide with their vehicle. A number of others, including Lindsey, were also named as defendants. The summary judgment granted in favor of Officers Watson, Green, and Coker and the City of Decatur, was certified final by the trial court pursuant to Rule 54(b), Ala.R.Civ.P.
Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P. All reasonable doubts concerning the existence of a genuine issue of fact must be resolved against the moving party. Fountain v. Phillips, 404 So.2d 614 (Ala.1981).
In opposition to the defendants’ motion for summary judgment, the plaintiffs introduced a certified copy of the accident report filed by the City of Decatur Police Department. It is well established that a police incident report is not admissible evidence, Dunaway v. King, 510 So.2d 543 (Ala.1987). Rule 56(e), Ala.R.Civ.P., requires that a party opposing summary judgment show by admissible evidence that a genuine issue of material fact exists which requires resolution by a factfinder. It is not enough that evidence that is inadmissible under the normal rules of evidence is advanced to contravene the evidence of the movant. Homer v. First National Bank of Mobile, 473 So.2d 1025 (Ala.1985); Dunaway v. King, supra. Therefore, the only evidence before the trial court was the affidavits of Officers Watson, Green, and Coker. Those affidavits prima facie show that these defendants were not negligent. See § 32-5A-7, Code 1975 (“Authorized emergency vehicles”) and § 32-5A-115, Code 1975 (“Operation of vehicles on approach of authorized emergency vehicles; signals on emergency vehicles; duty of emergency vehicle driver”). See also Madison v. Weldon, 446 So.2d 21 (Ala.1984). Because the plaintiffs made no showing to the contrary, the trial court did not err in granting a summary judgment in favor of the defendants.
AFFIRMED.
MADDOX, JONES, ALMON and BEATTY, JJ., concur.