ALMON, Justice.
William Matkin and his wife filed suit against Country Skillet Poultry Company and James Smith for damages sustained as a result of contamination of their land and water supply due to operation of Smith’s poultry farm. The claim against Smith for negligent and wanton pollution was tried before a jury, resulting in a verdict and judgment for Smith. The circuit court had severed the claim against Country Skillet Poultry and, after the judgment for Smith, the court granted Country Skillet Poultry’s motion for summary judgment. Only the judgment for Country Skillet Poultry is at issue in this appeal.
The Matkins base their claim against Country Skillet Poultry on the theory of negligent entrustment. In their amended complaint they allege that Country Skillet Poultry had caused 66,000 chickens to be placed on Smith’s property in such a way that the chicken manure and waste accumulated and invaded their adjacent land. They claimed this diminished their property value, created health hazards, and caused them emotional distress. The trial court held that the question of negligence on the part of Smith, as entrustee, had been adjudicated in the prior jury trial and had been resolved against the Matkins. The court explained that the negligence of Smith was a necessary element of negligent entrustment by Country Skillet Poultry.
Although the decision of the trial court is well reasoned, it appears that the elements of negligent entrustment were misstated. Country Skillet Poultry, in its brief in support of its motion for summary judgment, argued that negligent entrustment consists of two elements, (1) that the entrustee was negligent in the use of a particular dangerous instrumentality entrusted to him, and (2) that the entrustee was known by the entrustor to be incompetent, citing Beville v. Taylor, 202 Ala. 305, 306, 80 So. 370, 371 (1918). The trial court adopted this definition of negligent entrustment in its final judgment.
However, this Court stated in Keller v. Kiedinger, 389 So.2d 129, 131 (Ala.1980), that the bailee’s incompetence, and not necessarily his negligence, is the dispositive issue. This view was explained in Brown v. Vanity Fair Mills, 291 Ala. 80, 82-83, 277 So.2d 893, 896 (1973), where the Court adopted the following definition of “negligent entrustment” from Restatement (Second) of Torts § 390 (1986):
“One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.”
The Court then listed the elements of negligent entrustment as:
“(1) Proof that the entrustee was incompetent, inexperienced or reckless; (2) that the entrustor ‘knew or had reason to know’ of the entrustee’s condition [or] proclivities; (3) that there was an en-trustment of the chattel; (4) that the entrustment created an appreciable risk of harm to the plaintiff and a relational duty on the part of the defendant; (5) that the harm to the plaintiff was ‘proximately’ or ‘legally’ caused by the negligence of the defendant.”
*1358 See also Mason v. New, 475 So.2d 854 (Ala.1985); Wilbanks v. Brazil, 425 So.2d 1123 (Ala.1983).
Under this definition, the question is whether Country Skillet knew or had reason to know that the entrustment of 66,000 chickens to Smith created an appreciable risk of harm to the Matkins and a duty to them on the part of Country Skillet. Although the Matkins argue that the term “chattel” in the above quoted language is broad enough to include chickens, we agree with the trial court’s conclusion that chickens confined in wire cages are not “dangerous instrumentalities” as required by the doctrine of negligent entrustment. All of the Alabama cases heretofore applying the doctrine of negligent entrustment have related to vehicles, boats, firearms, or explosives. Wilbanks, 425 So.2d at 1125. The delivery of chickens to Smith in the present case can hardly be compared to the entrustment of these dangerous instrumentalities to an incompetent. Indeed, the Matkins readily admitted, in their memorandum in opposition to defendant’s motion for summary judgment, that “This is not a case involving killer chickens.... ”
Although aware that 66,000 chickens can produce a prodigious amount of dung, we are of the opinion that it is not negligent to entrust them to a poultry farmer. If this were negligence, then wholesale producers, such as Country Skillet, could not use their poultry for its intended purpose. See Wil-banks, supra. The trial court did not err in granting summary judgment for Country Skillet Poultry.
AFFIRMED.
MADDOX, BEATTY and ADAMS, JJ., concur.
HOUSTON, J., concurs in the result.