This appeal involves the issue whether an employer can be held responsible for the alleged seduction of one of its employees by another of its employees.
Tammy Doe began working as an hourly employee at a Burger King restaurant in Mobile in May 1992. At the time, she was 16 years old. Russell Doe is her father. Curtis Dixon was an assistant manager at the restaurant. At the time in question, he was 29 years old. Western Restaurants Corporation owned the particular Burger King franchise where Doe and Dixon worked. Dixon had previously worked at a Burger King franchise owned by Midtown Restaurants Corporation, but had been transferred to Western's restaurant after having a relationship with another assistant manager at the Midtown restaurant.
A few months after Tammy Doe began working at Burger King, she and Dixon entered into a sexual relationship that resulted in Doe's pregnancy. Doe's father, Russell, then sued Dixon, Western, and Midtown, alleging a seduction claim against Dixon, and further alleging that Western and Midtown had negligently or wantonly placed Dixon in a position of responsibility over minor female coworkers; that Western and Midtown had breached their duties to provide a safe workplace; that Western and Midtown had negligently, wantonly, or recklessly supervised Dixon; and that Western and Midtown were liable for the alleged seduction under the doctrine of respondeat superior. The defendants Western and Midtown moved for a summary judgment. The trial court entered a summary judgment in favor of those corporate defendants as to all counts against them and made that judgment final pursuant to Rule 54(b), Ala.R.Civ.P. Russell Doe appealed, both by and through his daughter and individually, to the Supreme Court, which transferred the case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
A motion for summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of *Page 563 
law. Rule 56(c), Ala.R.Civ.P.; Crowne Investments, Inc. v.Bryant, 638 So.2d 873 (Ala. 1994). The burden is on the moving party to show that there is no material fact in dispute, and all reasonable inferences from the evidence are to be viewed in the light most favorable to the nonmovant. Id.
Rule 56 is read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794, 797-98 (Ala. 1989). To defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).
We first note that the Does do not appeal as to their claims alleging a failure to provide a safe workplace, and alleging that the corporate defendants negligently, wantonly, or recklessly placed Dixon in a position of responsibility over minor female employees.
The Does first assert that the summary judgment was improper because, they say, there is a genuine issue of material fact as to whether Dixon seduced Doe, and that Western and Midtown are liable for the alleged seduction because, the plaintiffs say, they ratified or tolerated Dixon's wrongful acts.
Although Western and Midtown assert that the Does failed to prove seduction, it is not necessary for us to reach that issue. For purposes of this appeal only, we will assume that Dixon's conduct amounted to the seduction of Tammy Doe. To establish that Western and Midtown ratified Dixon's conduct, the Does must show that the corporations either expressly adopted Dixon's behavior or that they implicitly approved of it. Potts v. BE K Constr. Co., 604 So.2d 398, 400 (Ala. 1992). To show that an employer implicitly ratified or tolerated another employee's wrongful conduct, the complaining employee must prove the underlying tortious conduct of the offending employee, and also
 "must show that the employer (1) had actual knowledge of the tortious conduct of the offending employee and that the tortious conduct was directed at and visited upon the complaining employee; (2) that based upon this knowledge, the employer knew, or should have known, that such conduct constituted sexual harassment and/or a continuing tort; and (3) that the employer failed to take 'adequate' steps to remedy the situation."
Id.
The record shows no evidence that either Western or Midtown expressly ratified Dixon's behavior. Further, there is no evidence that the corporations implicitly ratified Dixon's behavior. The evidence shows that Tammy Doe would go to Dixon's apartment after she got off work, usually around 10:00 p.m., and that the two would have sex at his apartment. In her deposition, Tammy Doe said that on the nights she was with Dixon she would tell her parents that she was working late. She also said that she did not think anyone at work should have known she was seeing Dixon. Russell Doe said in his deposition that it was not his contention that Western and Midtown knew, before they received a letter from Russell Doe's lawyer, that Tammy and Dixon were having sex. The Does presented no evidence that Western and Midtown had actual knowledge that Dixon was having sex with Tammy Doe. In fact, their evidence tended to show that the corporations did not have knowledge of the trysts. Absent actual knowledge of Dixon's alleged tortious conduct against Tammy Doe, Western and Midtown could not have ratified that conduct and cannot be liable for it. Therefore, the summary judgment in favor of Western and Midtown was proper as to the claim that they were vicariously liable for Dixon's allegedly tortious conduct.
The Does also contend that the summary judgment was improper because, they argue, Western and Midtown can be held liable for negligent supervision of Dixon. They claim that because Western and Midtown were aware that Dixon had had a relationship with another assistant manager — who was at least 26 years old — and that the two had had a baby together, the corporations *Page 564 
should have called into question Dixon's fitness for employment. They also argue that Dixon should have been retrained or more closely supervised, and that he "should not have been allowed to remain in a position where he could seduce a teenage subordinate." This argument is without merit.
The threshold question in a negligence case is whether the defendant owed a duty to the complaining party. Ledbetter v.United American Ins. Co., 624 So.2d 1371 (Ala. 1993). "The trial court must determine whether a duty existed and, if so, the extent of that duty." Id. at 1373; Perkins v. Dean,570 So.2d 1217, 1220 (Ala. 1990).
The corporate defendants had a policy forbidding salaried employees such as Dixon, an assistant manager, from fraternizing with hourly employees such as Tammy Doe. The record shows that coworkers of Dixon and Doe said the pair never exhibited any type of behavior at work that would lead people to believe that the two had any kind of personal relationship outside of work. Dixon's alleged seduction of Tammy Doe occurred after work hours and away from the Burger King franchise where the pair worked, i.e., at a time and place out of the supervision or control of Western and Midtown. In his deposition, Russell Doe said that he felt "like it's Curtis Dixon's [fault] and the [fault of the] corporation that employed Curtis Dixon" that Tammy got pregnant, and that he and his wife shared none of the responsibility for their daughter's pregnancy.
We have found no Alabama cases on point. However, the Washington Court of Appeals was faced with similar facts inScott v. Blanchet High School, 50 Wn. App. 37, 747 P.2d 1124
(1987). In Scott, the parents tried to hold the school liable because one of its teachers had sex with his student; the sexual activity had occurred in a time and place out of the supervision or control of the school. The Washington Court of Appeals said, "At some point, the event is so distant in time and place that the responsibility for adequate supervision is with the parents rather than the school." 747 P.2d at 1129.
We agree with the Washington court. Tammy Doe said that she and Dixon had sex after work at Dixon's apartment. She said she saw no reason why others should have known about their relationship. The conduct Doe's father complains of was not occurring at work, and there is no evidence that the conduct was work-related. There is no evidence Dixon promised Doe pay raises, promotions, better schedules, or anything else in return for sex. Dixon and Doe, and perhaps Doe's parents, are accountable for what happens in the private affairs of Dixon and Doe, certainly not Western and Midtown.
This court refuses to saddle employers with responsibility for what their employees do during their time off. Western and Midtown had no duty to supervise Dixon and Doe away from work. In fact, as Western points out in its brief, for employers to monitor employees' private lives, which the Does say they should have done in this case, would amount to an invasion of the employees' rights to privacy.
Because Western and Midtown had no legal duty to supervise their employees outside of work, the trial court properly entered the summary judgment for Western and Midtown on the claims alleging negligent, wanton, or reckless supervision.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.