ALMON, Justice.
Kevin Patterson appeals from a summary judgment for William Thomas Harris and Carpet Installation and Supplies of Anni-ston, a partnership, in his action for damages for personal injuries arising out of an automobile accident. The issue is whether there was a genuine issue of material fact as to the potential liability of Mr. Harris and of the partnership.[1]
On October 8, 1991, Mr. Patterson was injured while working under the hood of his stalled vehicle. A Ford cargo van driven by Jeffery Mark West struck the stalled vehicle, causing it to hit and run over Mr. Patterson. The cargo van was owned by Mr. Harris, and had been rented from him by Daniel S. Gre-gerson,[2] a partner in Carpet Installation and Supplies of Anniston (hereinafter “the Anni-ston partnership”), and in Carpet Installation and Supplies of Glencoe (hereinafter “the Glencoe partnership”).[3]
On October 5, 1993, Mr. Patterson brought an action against “William Thomas Harris, *69 Jeffery Mark West, and Carpet Installation & Supplies of Anniston, a Partnership, [consisting of. Julie, John, Daniel S., John T., Ronald P., and Jason Gregerson].” The complaint alleged that Mr. Patterson was injured “[a]s a result of the negligence and willful and wanton misconduct of the Defendants.” On April 12,1994, Harris, West, and Carpet Installation and Supplies of Anniston moved for a summary judgment, arguing that there was no genuine issue of material fact and that they were entitled to a judgment as a matter of law. On May 24, 1994, Mr. Patterson responded to the motion. After holding a hearing, the circuit court on September 1,1994, entered a summary judgment for the defendants other than West. The judgment was made final pursuant to Rule 54(b), Ala.R.Civ.P. The plaintiff appealed. Further proceedings involving the remaining defendant were stayed pending this appeal.
We note that we are not presented with the issue whether Mr. Patterson’s naming as defendants the members of the Anniston partnership effectively implicated the Glen-coe partnership as a defendant or whether a subsequent amendment to the complaint adding the Glencoe partnership as a defendant would relate back to the time of filing the original complaint. The question before this Court is whether the circuit court erred in entering the summary judgment for Mr. Harris and for the Anniston partnership. That question turns on the parties’ respective burdens on a motion for summary judgment.
As to Mr. Harris, Mr. Patterson’s complaint states only that Mr. Harris owned the Ford cargo van. The complaint then asserts generally that negligent conduct on the part of the defendants caused the injuries sustained by Mr. Patterson. The complaint does not elaborate on the conduct of Mr. Harris alleged to be negligent. The defendants contended in their summary judgment motion that the undisputed material facts include the following: that, although Mr. Harris knew Jeffery West, Mr. Harris had no specific knowledge that Jeffery West would be driving the cargo van on the date of the accident; that Jeffery West was not on any errand for Mr. Harris at the time of the accident; and that Jeffery West was not, at the time of the accident, or at any other time, an agent, servant, or employee of Mr. Harris. We conclude that the evidence offered in support of the motion satisfied Mr. Harris’s burden to make a prima facie showing that there was no genuine issue of material fact and that he was entitled to a judgment as a matter of law. See Lowe v. East End Memorial Hosp. & Health Ctr., 477 So.2d 339 (Ala.1985); Ala.R.Civ.P. 56. Thus, the burden shifted to Mr. Patterson to present substantial evidence creating a genuine issue of material fact as to whether Mr. Harris was liable. See Dunaway v. King, 510 So.2d 543 (Ala.1987).
In response to the summary judgment motion, Mr. Patterson asserted that it is a jury question as to whether Mr. Harris was negligent in renting the cargo van to Daniel Gre-gerson. Mr. Patterson cites in support of his argument the facts that Mr. Harris knew that Daniel Gregerson would not be driving the cargo van and that Mr. Harris knew that Daniel Gregerson did not have any insurance on the vehicle. Mr. Patterson’s allegations do not create a genuine issue of material fact concerning whether Mr. Harris was negligent or whether any of his actions proximately caused Mr. Patterson’s injuries. Even viewing the evidence in a light most favorable to Mr. Patterson, we find nothing that supports a theory of negligence as to Mr. Harris.
As to the Anniston partnership, the defendants contended in their motion for a summary judgment that the undisputed material facts include the following: that Jeffery West was an employee of the Glencoe partnership and was not an agent, servant, or employee of the Anniston partnership; and that, on the day of the accident, Jeffery West was driving the cargo van to Dalton, Georgia, to pick up carpet and that his doing so was within the line and scope of his employment with the Glencoe partnership. We conclude that the evidence indicating these .facts constitutes a prima facie showing that the Anni-ston partnership was not a proper defendant in Mr. Patterson’s action. Thus, it was incumbent upon Mr. Patterson to present substantial evidence creating a genuine issue of *70 material fact as to the potential liability of the Anniston partnership.
Mr. Patterson’s response in opposition to the defendants’ motion for summary judgment argues basically that the Anniston partnership and the Glencoe partnership were operated together and that, therefore, the Anniston partnership is a proper defendant. The materials submitted in support of Mr. Patterson’s response would support a finding of the following facts: that the partners of the Glencoe partnership are also partners in the Anniston partnership; that the rental agreement for the cargo van was an informal arrangement between Mr. Harris and Daniel Gregerson as opposed to a formal one between Mr. Harris and either or both of the partnerships; that Mr. Gregerson began keeping the cargo van full-time in the summer of 1991 because of an increase in its use when the Anniston partnership was formed and that partnership began operating a store in Anniston; that, as advertising, the “Carpet Installation and Supplies” logo was painted on the side of the cargo van, the word “Anni-ston” was painted on the front, with the Anniston store’s telephone number, and the word “Glencoe” and the Glencoe store’s telephone number were painted on the back; that the Anniston partnership and the Glen-coe partnership share a bank account at First Alabama Bank; that the account is in the name of the Glencoe partnership, but money is put into the account from the Anni-ston partnership and the bills of the Anniston partnership are paid from that account; that Jeffery West was paid for his services either by a check from the partnerships’ shared bank account or by cash drawn from that account; that the Anniston partnership sold carpet hauled by the cargo van; that Daniel Gregerson, John T. Gregerson, and Beth Gregerson, Daniel’s wife, are authorized signers on the partnerships’ shared account; and that John T. Gregerson works solely for the Glencoe partnership, and Jason Greger-son works solely for the Anniston partnership, but the other members of the family involved in the partnerships work in both businesses. Cumulatively, this evidence is of such weight and quality that fair-minded persons in the exercise of impartial judgment could reasonably infer that the Anniston partnership was so identified with the Glen-coe partnership as to be potentially liable for torts committed in the operation of a vehicle that benefited both partnerships. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989). We conclude that this evidence, submitted in opposition to that presented in support of the defendants’ motion for summary judgment, is sufficient to create a genuine issue of material fact.
Therefore, the summary judgment is affirmed as to the defendant William T. Harris, but it is reversed as to the defendant Carpet Installation and Supplies of Anniston, and the cause is remanded.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
SHORES, KENNEDY, INGRAM, and COOK, JJ., concur.
HOOPER, C.J., and MADDOX and HOUSTON, JJ., concur in part and dissent in part.

. A partnership may be sued either in the firm name or in the name of one or more of its partners. Ala.Code 1975, § 6-7-70.

. The only liability insurance coverage on the truck was owned by Mr. Harris. Mr. Harris's insurer brought a declaratory judgment action, alleging that it was not obligated for coverage because the policy excepted coverage if the truck was "rented to others.” In Carpet Installation & Supplies of Glencoe v. Alfa Mutual Ins. Co., 628 So.2d 560 (Ala.1993), this Court affirmed the circuit court's judgment declaring that the insurer was not obligated for coverage.

. The Anniston partnership consists of Daniel Gregerson, John T. Gregerson, Julie Gregerson, Ronald P. Gregerson, John Gregerson, and Jason Gregerson. Daniel Gregerson owns the largest single share, 25%, of the Anniston partnership. The Glencoe partnership consists of Daniel Gre-gerson and John T. Gregerson, who own equal shares of the Glencoe partnership.