682 So.2d 1364 (1996)
Sheila NASH and Tony Nash
v.
John SEGARS, an individual, and John Segars Air Control Company, Inc., the corporation.
2950093.
Court of Civil Appeals of Alabama.
April 26, 1996.
Rehearing Denied June 7, 1996.
Certiorari Denied October 18, 1996.
Barbara F. Olschner and J. Mark Hart of Olschner & Hart, P.C., Birmingham, for Appellants.
Connie Ray Stockham and Allison L. O'Neal of Stockham & Stockham, P.C., Birmingham, for Appellees.
Alabama Supreme Court 1951621.
L. CHARLES WRIGHT, Retired Appellate Judge.
Sheila and Tony Nash appeal from a summary judgment in favor of John Segars and John Segars Air Control Company, Inc. This case is before us pursuant to § 12-2-7(6), Code 1975.
The record reflects the following: Segars Air is in the business of providing, installing, and maintaining heating and cooling units in residential and commercial structures. John Segars is the president of the corporation.
In May 1992 Segars Air employed Martin Brooks. Brooks had been convicted of burglary, car theft, and theft of a gun in 1991. He served time in prison in Georgia for these crimes and was released on probation. At the time of his employment with Segars Air, he was still on probation. Segars Air was aware of Brooks's probationary status.
*1365 Brooks was hired to be a helper in the shop at Segars Air. The position of helper is primarily an inside-the-shop job. The duties include sweeping the shop floor, collecting and dumping the trash, as well as mopping the floors.
While Brooks was employed with Segars Air, the corporation had a contract for the installation of the heating and cooling systems for the house which the Nashes were building.
On December 4, 1992, Billy Matthews, an employee of Segars Air, was instructed to perform the final touch-up work on the Nashes' systems. Matthews asked Brooks to accompany him and to assist him with the work.
On December 7, 1992, Brooks, along with two other persons, returned to the Nashes' house between 1:30 and 2:30 a.m. The house was unoccupied. Brooks and his accomplices entered the house through the basement door and stole some of the Nashes' possessions. They then poured gasoline in the house and set it on fire. The house burned to its foundation, destroying all the Nashes' personal property. Brooks subsequently pleaded guilty to arson and burglary.
The Nashes filed this action against Segars and Segars Air for negligently and wantonly hiring Brooks. Segars and Segars Air filed a summary judgment motion, alleging that they were entitled to a judgment as a matter of law because Brooks's actions were not within the line and scope of his employment. The trial court granted the motion.
A motion for a summary judgment may be granted when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. McDonald v. Servpro, 581 So.2d 859 (Ala.Civ.App.1991). If the moving party makes a prima facie showing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to go forward with evidence demonstrating the existence of a genuine issue of fact. Grider v. Grider, 555 So.2d 104 (Ala.1989). In order to defeat a properly supported summary judgment motion, the nonmovant must create a genuine issue of material fact by presenting substantial evidence. McDonald.
In order to prevail in a negligent hiring case, a plaintiff must show that an employee was acting within the line and scope of his employment. Brown v. Vanity Fair Mills, Inc., 291 Ala. 80, 277 So.2d 893 (Ala.1973); Doe v. Western Restaurants Corp., 674 So.2d 561 (Ala.Civ.App.1995). It is undisputed that Brooks's criminal conduct at the Nashes' house was not within the line and scope of his employment with Segars Air. Because Brooks was not acting in the line and scope of his employment when he burglarized and burned the Nashes' home, Segars and Segars Air could not be liable for negligent hiring. The trial court did not err in entering the summary judgment.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur in the result.
MONROE, J., concurs specially.
MONROE, Judge, concurring specially.
I agree that the summary judgment was properly entered for the defendants, John Segars and John Segars Air Control Co., Inc. In the complaint, the plaintiffs alleged only that Segars and the company were negligent and wanton in hiring Martin Boyd Brooks because they failed to adequately screen its employees for violent propensities and criminal backgrounds. Because Brooks's criminal acts occurred outside the line and scope of his employment, the defendants could not be liable for negligent hiring.
I would feel differently, however, had the plaintiffs alleged that, given Brooks's background, Segars and the company failed to adequately supervise Brooks by allowing him to leave the shop at Segars Air to work in customers' homes or offices. In such a case, I believe that there is a genuine issue of material fact as to whether Segars and the company owed a duty to its customers to ensure that Brooks, who they knew to be on *1366 probation from convictions of crimes including burglary, was given jobs that did not require him to leave the company's shop. "`The ultimate test of the existence of a duty to use due care is found in the foreseeability that harm may result if care is not exercised.' " Ledbetter v. United American Ins. Co., 624 So.2d 1371, 1373 (Ala.1993) (quoting Buchanan v. Merger Enterprises, Inc., 463 So.2d 121, 126 (Ala.1984)). I believe that it is foreseeable that a convicted burglar might steal again if given access to people's homes and businesses, therefore, Segars and the company owed a duty of care to its customers to adequately supervise Brooks and deny him access to homes and businesses.