On Rehearing Ex Mero Motu

MURDOCK, Judge.
This court’s opinion dated June 30, 2004, is withdrawn, and the following opinion is substituted therefor.
Big 3 Motors, Inc. (hereinafter sometimes referred to as “the company”), appeals from a judgment entered by the Mobile Circuit Court on a jury verdict in favor of Paul Hawie and Scott Kennedy (“the plaintiffs”) on claims of negligent en-trustment and wanton entrustment. We reverse the judgment and remand the case.
Big 3 Motors is a corporation owned by the Roan family. Fred Roan, Jr., had worked for Big 3 Motors “pretty much all [his] life” and was the treasurer of the company. His duties involved every aspect of the business, including driving company vehicles when it was necessary. It is undisputed that on the day of the accident made the basis of this action, Roan was acting in his capacity as an officer and an employee of the corporation.
On March 7, 2000, “Mardi Gras Day,” a “skeleton” crew was working for the company and Roan was the “top man on the totem pole” that day. Roan decided to *351 close the shop down at around noon because of the lack of business on that day. Roan testified that he decided to go pick up a tow truck that was being repaired and bring it back to the place of business before closing for the day. As he drove east on Highway 90 in the company’s tow truck, Roan saw Hawie’s vehicle ahead of him. Roan testified that he believed Haw-ie’s vehicle was going to continue traveling through an intersection but that Hawie then made an erratic stop that forced Roan to slam on his brakes. The tow truck collided with the rear of Hawie’s vehicle, in which Kennedy was a passenger; both Hawie and Kennedy were injured.
Hawie and Kennedy filed a complaint against Roan and Big 3 Motors, alleging claims of negligence and wantonness against Roan and alleging that Big 3 Motors had negligently and wantonly entrusted the company’s vehicle to Roan. At trial, the plaintiffs introduced evidence demonstrating that Roan had been convicted of driving under the influence (“DUI”) on eight previous occasions. Evidence was also presented indicating that Roan had been charged and tried for criminal DUI as a result of the accident in this case but that he was acquitted of the charge.
A jury returned a verdict on the negligence and wantonness claims against Roan and in favor of Hawie and Kennedy. The jury awarded compensatory damages in the amount of $2,000 to Hawie and $750 to Kennedy. The jury also awarded punitive damages in the amount of $15,000 against Roan.
The jury also returned a verdict on the negligent- and wanton-entrustment claims against Big 3 Motors and in favor of Hawie and Kennedy. The jury awarded $0 in compensatory damages against Big 3 Motors, but it awarded punitive damages in the amount of $20,000 against Big 3 Motors. The trial court entered a judgment on the jury’s verdict. Big 3 Motors appeals.
Big 3 Motors raises only two issues on appeal. We first turn to Big 3 Motors’ contention that the plaintiffs failed to present sufficient evidence of negligent en-trustment.
“The essential ingredients of a cause of action for negligent entrustment are: (1) an entrustment of the vehicle; (2) to an incompetent; (3) with knowledge that he is incompetent; (4) negligent or wanton use of the entrusted vehicle which proximately caused the plaintiffs damages; and (5) damages.” Jackson v. Searcy, 628 So.2d 887, 889 (Ala.Civ.App.1993). “[I]n reviewing a judgment based upon a jury verdict, this Court must review the record in a light most favorable to the appellee.” CSX Transp., Inc. v. Dansby, 659 So.2d 35, 37 (Ala.1995).
Big 3 Motors’ sole argument regarding the sufficiency of the evidence as to negligent entrustment is that no evidence was presented indicating that any officer or agent of the company entrusted the company vehicle to Roan on March 7, 2000, or that any officer or agent of the company knew that Roan was driving the vehicle that day. However, it was undisputed that Roan’s duties as an officer and an employee of the company included driving the company vehicles when it was needed.
“ ‘Sometimes the past conduct of the entrustor who allowed an incompetent to use his vehicle at will on previous occasions is sufficient to raise an implied consent on the particular occasion of the accident.
“ ‘ “If the entrustor had manifested continuing consent or permission for the incompetent to drive the vehicle *352 there is a continuing entrustment.” 23 A.L.R. 733 at 738 (1971).’ ”
Penland v. Allsup, 527 So.2d 715, 716 (Ala.1988) (quoting Chiniche v. Smith, 374 So.2d 872, 877 (Ala.1979) (Torbert, C.J., concurring specially)). Roan was an officer and an employee of the company whom the company allowed to carry out all aspects of corporate business as needed. Viewing the evidence in the light most favorable to Hawie and Kennedy, as the appellees, we conclude that Big 3 Motors’ plea of ignorance regarding Roan’s driving a company tow truck on the day of the accident or, for that matter, on any particular day, must fail. See, e.g., Thorington v. Gould, 59 Ala. 461 (Ala.1877) (“W officers of the corporation openly exercise a power which presupposes a delegated authority for the purpose, and other corporate acts show that the corporation must have contemplated the legal existence of such authority, the acts of such officers will be deemed rightful, and the delegated authority will be presumed.’ ”) (Quoting Bank of the United States v. Dandridge, 25 U.S. (12 Wheat.) 64, 70, 6 L.Ed. 552 (1827)).
In addition, it is undeniable that Roan, as an officer of the company, entrusted care of the vehicle to himself. Big 3 Motors contends that one cannot entrust a vehicle to himself. However, the cases Big 3 Motors cites in support of this argument do not stand for such a proposition.
In Tuskegee Institute v. May Refrigeration Co., 57 Ala.App. 344, 328 So.2d 598 (Civ.1976) (reversed in part on other grounds), this court determined in a fraud case that the evidence was insufficient to show that a teacher had acted with actual or apparent authority to bind the defendant-college. Thus, the case turned on the principles of agency, not on the issue whether a corporate officer or employee can entrust a company vehicle or other instrumentality to himself or herself. In Wilbanks v. Brazil, 425 So.2d 1123 (Ala.1983), the defendant-parent was sued by a mother and her injured son; the plaintiffs asserted a negligent-entrustment claim against the defendant-parent arising out of her child’s hitting the plaintiff-child in the head with a golf club. Our Supreme Court ruled that the defendant-parent could not be held liable for negligent entrustment because
“[i]f it is found to be negligent to entrust golf clubs to an ordinary eight-year-old, then parents would have to keep the golf clubs and similar sports equipment such as baseball bats, tennis rackets, and hockey sticks under lock and key and never allow a child to play with them except when he or she is under some sort of expert supervision.”
Wilbanks, 425 So.2d at 1125. Wilbanks did not involve or turn on the principle that a person may not entrust something to himself or herself.
Thus, Big 3 Motors has failed to cite any authority that supports its contention that a person may not entrust something to himself or herself. “[I]t is neither our duty nor [our] function to perform all of the legal research for an appellant.” Gibson v. Nix, 460 So.2d 1346, 1347 (Ala.Civ.App.1984).[1]
Regardless of whether the other officers of Big 3 Motors implicitly entrusted the *353 vehicle to Roan on March 7, 2000, or whether Roan in his capacity as a corporate officer or employee made the entrustment on behalf of the company, the plaintiffs presented sufficient evidence of an entrustment in this case. Big 3 Motors does not challenge any other aspect of the evidence regarding the jury’s verdict as to either negligent entrustment or wanton entrustment; therefore, we find no error in the judgment on the issue of entrustment of the vehicle by Big 3 Motors to Roan.
Big 3 Motors does contend, however, that the $20,000 punitive-damages award assessed against it cannot be sustained because no compensatory or nominal damages were awarded to the plaintiffs on their negligent-entrustment claim.[2] As support for its position, Big 3 Motors cites Life Insurance Co. of Georgia v. Smith, 719 So.2d 797 (Ala.1998), in which our Supreme Court overruled a line of cases concerning punitive damages and concluded: “We now require, therefore, that a jury’s verdict specifically award either compensatory damages or nominal damages in order for an award of punitive damages to be upheld.” 719 So.2d at 806. On the basis of this authority, Big 3 Motors insists that the punitive-damages award against it must be reversed.
The plaintiffs also rely upon Smith in attempting to refute the company’s position. The plaintiffs contend that the punitive-damages award would have been inappropriate if no compensatory damages had been awarded against any defendant but that the compensatory damages awarded to Hawie and Kennedy on their negligence claim against Roan individually makes the punitive-damages award against Big 3 Motors permissible. The plaintiffs point out that after stating the rule quoted above, the Smith Court went on to elaborate upon the general rule:
“Where there is a pro tanto settlement, the invasion of legal right with injury, for which the defendant would have been liable but for the settlement, should support an award of nominal damages.... It is clear that a liable defendant should not be entitled to more favorable treatment just because another party has acted to make the plaintiff whole. The rule of Pihakis [v. Cottrell, 286 Ala. 579, 243 So.2d 685 (1971),] should apply to recognize a plaintiffs right to recover nominal damages and, thus, punitive damages, where the source of the plaintiffs being made whole is a co-defendant’s pro tanto settlement or any other source of compensation for injury for which the defendant is liable.
“Under this rule, the jury’s verdict must include a monetary award of compensatory damages or, where appropriate, an award of nominal damages only. If compensatory damages have been eliminated by reason of payments or other rights created for the plaintiff subsequent to the injury or harm under circumstances making the defendant liable, thereby making an award of nominal damages appropriate, the jury verdict should indicate the jury's finding that the plaintiff is entitled to nominal damages, pursuant to proper instructions from the trial court. In instances where punitive damages also are awarded, a court can consider, in any postver- *354 diet analysis of the relationship between the compensatory damages award and the punitive damages award, the total amount of compensatory damages for which the defendant could have been liable but for the plaintiffs having been made whole, regardless of how the plaintiff was made whole.”
Smith, 719 So.2d at 806 (emphasis added).
The plaintiffs contend that this language suggests that, under the rule in Smith, punitive damages may be awarded against a defendant, in this case, Big 3 Motors, even though compensatory damages are not assessed against that defendant because compensatory damages have been assessed against, another defendant, in this case, Roan.
The plaintiffs’ reading of Smith ignores the fact that their claim against Big 3 Motors was a separate claim from their claim against Roan individually. The Court in Smith stated that it required “a jury’s verdict [to] specifically award either compensatory damages or nominal damages in order for an award of punitive damages to be upheld.” 719 So.2d at 806 (emphasis added). The Court took pains to restate the rule in the very discussion that the plaintiffs argue supports their position, emphasizing: “Under this rule, the jury’s verdict must include a monetary award of compensatory damages or, where appropriate, an award of nominal damages only.” Id. (emphasis added). The language from Smith cited by the plaintiffs details “what should happen if the need for additional compensatory damages has been eliminated by reason of payments” already made or awarded: “the jury verdict should indicate the jury’s finding that the plaintiff is entitled to nominal damages, pursuant to proper instructions from the trial court.” Id.
The jury’s verdict in this case gave no indication that the plaintiffs were entitled to an award of nominal damages, and, indeed, the jury was not given any instructions regarding nominal damages. Thus, the judgment against Big 3 Motors plainly violates the rule set out in Smith because it awarded punitive damages without awarding any compensatory or nominal damages. We therefore reverse the judgment of the trial court concerning the negligent- and wanton-entrustment claims against Big 3 Motors and remand the cause to the trial court for a new trial on those claims in which the jury is to be instructed as to both compensatory damages and nominal damages.
ON REHEARING EX MERO MOTU: OPINION OF JUNE 30, 2004, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.

. It is worth noting, however, that Roan was acting in two different capacities on the day of the accident: as an officer and as an employee of Big 3 Motors. The jury could have concluded that, as an officer of the company, Roan had the authority to act on behalf of the company, as is evidenced by the fact that he closed down the business after half a day on March 7, 2000. The jury also could have concluded that, as an employee, Roan had the authority to entrust company vehicles to employees of Big 3 Motors.

. Big 3 Motors did not challenge the punitive-damages award on the ground that it was excessive; thus, no Hammond/Green Oil hearing was held by the trial court inquiring into the relationship between the compensatory and punitive damages awarded in this case. See, e.g., Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986); Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala.1989).